

**FILED**

APR 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**CASE RE-ASSIGNED**

**MAY 3 1** 

TO: **LEON, J. RJL**

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ANDRE SYLVESTER WATTS, #13719083
USP-Lee
PCB 305        Plaintiff,
Jonesville, VA 24263-0305

ALBERTO GONZALES, U.S. ATTORNEY GENERAL,
et al.,

                Defendants.

CASE NUMBER   1:06CV00777

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 04/27/2006

### PETITION FOR ISSUANCE OF A WRIT OF MANDAMUS

Comes Now ANDRE SYLVESTER WATTS, DEBTOR of the Secured Party/Creditor and authorized representative of Andre Sylvester Watts, sui juris hereby petition the court of equity for a Writ of Mandamus pursuant to 28 U.S.C. § 1361 to compel the defendant and his delegates to perform their duty owed to the plaintiff as statutory created by an Act of Congress. In support thereof, the following is presented:

### FACTUAL HISTORY

The plaintiff is classified as a D.C. Code Offender under the custodianship of the Defendant and his delegates. This custodianship began around 2002 when the plaintiff was designated to a institution in South Carolina named Edgefield. Subsequent, the plaintiff was transferred to West Virginia to a institution named

RECEIVED

MAR 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED

APR 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Gilmore. Next transferred to Virginia at the United States Penitentiary, Lee. Each of said institution has denied medical treatment and vocational training programs that is within the plaintiff interest.

While being housed at United States Penitentiary, Lee, the delegates denied medicine to cease the pain stemming from plaintiff long documented case of arthitis in Federal Bureau of Prison. The defendants only prescribe IBUPROFEN which on a long term basis causes stomach bleeding and nausea. When the plaintiff contacted the Surgeon General to grieve the omission of medical treatment by the defendants. The defendants vowed to apply the service mandated statutory; thus, shortly thereinafter the defendants reverted back to its original derelic behaviors concerning plaintiff medical conditions that has done nothing but worsen and when complain to the defendants they claim that their budget will not allow them to order supplemental medicines that has proven to cease the severe pain that occures from arthritis.

Additionally, the defendants do not have a selection of vocational training programs that will aide the plaintiff in securing gainful employment through apprentices proof. It is the defendant duty to afford the plaintiff rehabilitation and the only way its done is through an curriculum taught structure. However, the defendants has various vocational programs, but they are learned by on the job training and that does not secure future employment since its the law to be certified via apprentice. Otherwise plaintiff or one in the like position will not be able to obtain wmployment; thus thereby doomed for recidivist.

<u>MEMORANDUM OF POINTS AND AUTHORITIES OF LAW</u>
<u>FOR WRIT OF MANDAMUS</u>

The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. <u>U.S. v Boutwell</u>, 84 U.S. 604(1873)

(2)

The defendant owe plaintiff a duty of care and rehabilitation. See 18 U.S.C. §

4001(a)(2) in relevant part:

> No citizen shall be imprisoned or otherwise detained by the United States
> except pursuant to an Act of Congress.
> The Attorney General may establish and conduct industries, farms, and
> other activities and classify the inmates; and provide for their proper
> government, discipline, treatment, care, rehabilitation, and reformation.

18 U.S.C. § 4042 in relevant part:

The Bureau of Prisons, under the directon of the Attorney General, shall—

> Provide suitable quarters and provide for the safekeeping, care, and
> subsistence of all persons charged with or convicted of offenes against
> the United States.

D.C. CODE 24-101 in relevant part:

Felons sentenced pursuant to the D.C. Official Code. —

> Notwithstanding any other provision of law, nor later than December 31,
> 2001, the Lorton Correctional Complex shall be closed and the felony
> population sentenced pursuant to the District of Columbia Official Code
> residing at the Lorton Correctional Complex shall be transferred to a
> penal or correctional facility operated or contracted for by the
> Bureau of Prison. Such persons shall be subject to any law or regula-
> appicable to persons committed for violations of laws of the United
> States consistent with the sentence imposed, and the Bureau of Prisons
> shall be responsible for the custody, care, subsistence, education,
> treatment and training of such persons.

The plaintiff has demonstrated the chronological order in which the defendant

and his delegates are responsible for the care and rehabilitation of the plaintiff

and to deny plaintiff medicines that are more effective than Ibuprofen certainly

constitutes violation of his duty owed to plaintiff by the Act of Congress in the

above statues therefore writ of mandamus lies in this case to compel the defendant

to provide appropiate medicines since the defendant allocates the funds for the

prisoner.. 18 U.S.C. § 4005(b).  See exhibit 1, 2. In each exhibit the medicines

has proven to be effective and cheaper, although not approved by the FDA. Even

not being approved by the FDA, there have been success instances wherein the

prisoner was used. Therefore, the named medicines should be given to plaintiff on

(3)

a test basis if there is a pharmacists willing to supply the plaintiff with the medicines. 18 U.S.C. § 4005(a). At least that will show there is some sincere attempts by the defendant to reduce or cease the pain that plaintiff suffers as a result of his case of arthritis. In addition, the plaintiff will not be at risk for stomach bleeding and nausea that will come after the use  of Ibuprofen on a long term basis. Thus, arthritis is not a curable condition, so the most effective medicines is necessary, particularly since the plaintiff is incarcerated without access to the medicine frequent.

This court has in the pass when having had to scrutinize prison officials denial of  prisoner medical attention entered a injunction as a deterence to derelic prison officials responsible for providing adequate medical attention and treatment. See i.e., Yarbaugh v Roach, 736 F.Supp. 318 (D.D.C. 1990). In that case, this court did not pardon the prison officials for their dereliction.

This court have on another occassion intervene for remedial purposes against the U.S. Attorney General  for violating the law. See Milhouse v Levi,  548 F.2d 357 (D.C. Cir. 1976). In that case, the defendant predecessor proceeded to disregard the law that was created by the rule-making process and with that in mind, this court to should not be lienent on the defendant, now that its evidence that plaintiff is being denied medicines  through dereliction thereby foreclosing its duty owed to the plaintiff based on the above Acts of Congress.

Mandamus relief, under 28 U.S.C. § 1361, is appropiate only when persons seeking such relief can show its a duty, owed to him by a government official whom it is directed, that is (1) ministerial, (2) clearly defined, and (3) peremptory. The plaintiff have pass the muster and this court should issue the writ of mandamus and compel the defendant to provide the plaintiff with medicines to either reduce the

pain or cease it whenever its intensifies. See <u>United States v Fitzgerald</u>, (1972) 151 U.S. App. D.C. 206. The court held that the prisoner was entitled to medical treatment pursuant to 18 U.S.C. § 4005 and 4042.

Moreover, provide plaintiff with access to a selection of vocational programs to enhance his chances of participating in a vocational program that offers a apprentice; hence that will increase his chance of getting a job to maintain basic necessities and to prevent being doomed for failure forasmuch as the lack of selection of vocational training programs in USP, Lee, and throughout the entire Federal Bureau of Prisons. See <u>Pittston Coal Group v Sebben</u>, 488 US 105, the extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a clear nondiscretionary duty.

The Acts of Congress to wit:

    18 U.S.C. § 4001
    18 U.S.C. § 4005
    18 U.S.C. § 4042
    D.C. Code 24-101

makes it ministerial, nondiscretionary and peremptory for the defendants to perform, and the least dereliction that causes adverse affect to a prisoner, requires for the court to intervene to reenforce performance thereof. Therefore, mandamus    to compel is ripe in this case. <u>In re Halkin</u>, 598 F.2d 176 (1976)


CONCLUSION

Wherefore, plaintiff has presented sufficient basis for a writ of mandamus to compel the defendants to perform the duty described in the above without further delay.

Date: _March 20, 2006_                              Respectfully Submitted

                                                   _Andre S. Watts_, UCC 1-207

                                                   Andre S. Watts, UCC 1-207
                                                   Secured Party/Creditor
                                                   UCC 2005150282-9
                                                   Attorney-In -Fact
                                                   Authorized Representative

(5)

## CERTIFICATE OF SERVICE

I hereby certify that the defendants have recieved plaintiff application for a writ of mandamus to compel at:

Alberto Gonzales, U.S. Attorney General
U.S. Department of Justice
Robert F. Kennedy Building,
950  Pennsylvania Avenue, NW
Washington, D.C. 20530

Date: _March 20 2006_                          Respectfully Submitted

_Andre S Watts, UCC 1-207_

Andre S. Watts, UCC 1-207
Secured Party/Creditor
UCC 2005150282-9
Attorney-In-Fact
Authorized Reprentative

(6)

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

ANDRE SYLVESTER WATTS,

          Plaintiff,

    v

ALBERTO GONZALES, U.S. ATTORNEY GENERAL,
et al.,

          Defendants.

## SUBPEONA DUCES TECUM

Comes Now ANDRE SYLVESTER WATTS, DEBTOR of the Secured Party/Creditor and the authorized representative of Andre Sylvester Watts, sui juris hereby petition the court of equity for a Subpeona Duces Tecum pursuant to Federal Rules Civil Procedure, Rule 45(b) and direct the respondent to produce in the court of equity a legible copy of all responses from the SURGEON GENERAL that's in petitioner medical and institutional files.

The responses are admissible under the Federal Rule of Evidence, Rule 402 and relevant for the truth testing process, therefore, the court should grant the Subpeona Duces Tecum. See SEC v Dresser Indus, Inc, 628 F.2d 1368, 1375 (D.C. Cir 1980).

Date: _March 20, 2006_

Respectfully Submitted

_Andre S. Watts UCC 1-207_

Andre Sylvester Watts, UCC 1-207
Secured Party/Creditor
UCC 2005150282-9
Attorney-In-Fact
Authorize Representative

06 0777

FILED

APR 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 1, 2 , 3 and 4.

To: Office of the Chief Pharmacist:

From: Andre S. Watts, 13799083

Subj: Approval for Natural Supplements to curve arthris pain

Date: 8/18/05

Dear. Chief Pharmacist:

Prior to this letter I have experience numerous medicines to subdue pain from my arthris in the left and right arm that is recorded in my medical institutional history.

Most recently I have learned of Ostec Bi-Flex, Rexall Sundown, Glucosamine HCL 1500 mg., Chondroitin Sulfate 1200 mg., Methsulfonlmethane (MSM) 1000 mg. My request to the Administrator of Medical Services (Dr. Koff) for the above natural supplments were that he was not authorize to approve said medicines and that you are the only that can approve distribution.

Please take this request under consideration. I hope to hear from you soon.

Sincerely

Andre S. Watts

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                                              FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Dr. Roff, Health Administrator | DATE: July 12, 2005 |
|---|---|
| FROM: Andre Watts | REGISTER NO.: 13799083 |
| WORK ASSIGNMENT: E.W. Comp. | UNIT: J |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

The medicines given for my arthritis has not worked to the extent of preventing the pain.

Not even the most recent shot of Quarterzone. Here are a listing of medicines known to be

effective  in killing pain: Osteo Bi-Flex, Rexall Sundown, Glucosamine HCL 1500 mg

Chondroitin Sulfate 1200 mg, Methlsulfonlmethane (MSM) 1000 mg, Sierra S.1/Joint Formula.

Here are web cites: www.sierras.1.com, www.Young Again Products.com.

I need to be given some of those medicines to prevent the pain in my right arm, in which

where my arthritis is.

Thank You.

cc:filed

Warden Bledsoe

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
~~District of Columbia~~

*PTR-98*
*3:25*

Case No. *F-4255-98c*

PDID No. *319-497*

vs.

*Andre Watts*

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

*(C) (Robbery)*
*(D) (Assaulting, Resisting, or interfering with a police office.*

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *AS TO Count 'C' — Not less than (3) Three years, Nor Mor than (9) Nine years to run Consecutive to any other Sentence now being served. AS TO Count 'D' — Not less than (1) ONE Year, Nor more than (3) Three years. to run Consecutive to Count 'C' and any other Sentence now being served*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____.

☐ _____

Costs in the aggregate amount of $ *500.* have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. *to be deducted from pn:*

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*5-26-99*
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*5-26-99*

_____
Deputy Clerk

## INMATE REQUEST TO STAFF MEMBER

NAME: WATTS, Andre                    DATE OF REQUEST: N/A

REGISTER NUMBER: 13799-083            UNIT: C

NUMBER: 291-05

This is in response to your Inmate Request to Staff Member concerning a request to have a certain product added to the list of items available in the commissary.

After a discussion with our Health Services Administrator, it is with the understanding, you have discussed this matter with the HSA several times.  He states he provided you with the name and address for the Chief Pharmacist, whom you should send this request to.  Also, our HSA has been in contact via email with the Chief Pharmacist and his Administrative Assistant, who states the BOP does NOT support the sale of herbal/dietary supplements in the Commissary.  Furthermore, you have already been informed of this information.

_____                    _11-14-05_____
J. D. Hill, AW(O)                           Date