RECEIVED
AUG 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andre Sylvester Watts,          :

       Petitioner,       :

v                                               1:06-cv-777(RJL)
                               :
Alberto Gonzales,

       Respondent.       :

## MOTION TO AMEND THE WRIT OF MANDAMUS

    Comes Now Andre Sylvester Watts, acting sui juris, hereby motion the court to amend the writ of mandamus and the district court has jurisdiction pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

    On or about March 20, 2006 the petitioner filed a petition for issuance of writ of mandamus since the defendants use of IBUPOFEN only because of their limited financial budget shows a disregard for the adverse effect of stomach bleeding and nausea that results from long term use or IBUPROFEN.

    The district court ordered the respondent to respond to the show cause order within 20 days. The respondent did not respond as ordered by the district court and petitioner seeks a sanction against them for failing to obey a court order.

    Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure in relevant part:

**(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

    The court in <u>Nakell v Liner Yankelevitz Sunshine & Regent Streit</u>, 394 F.Supp.2d 762 (2005) granted the moving party motion to amend to add new defendants and claims like petitioner intends.

(1)

Under the Principal/Agent doctrine any bad faiths actions by the agent can be imputed to the Principal. See Bowen v Mount Vernon Sav. Bank, 105 F.2d 796 (D.C. App. 1939). In that case the court held under Principal/Agent doctrine for accountability purposes of the agent actions. The reason for the Rules which charges a principal with his agents knowledge is the injustice of allowing the principal to avoid, by action vicariously, burdens to which he would become subject if he were acting for himself.

Since the Warden (O'Brien) is an agent of the respondent and now creates a inhumane habitat by not letting inmates in special housing unit flush their own toilet after each use and obligates the patrol officer of the special housing unit upon each tour to flush the toilet its cruel unusual punishment prohibited by the eighth amendment of the United States constitution. See 28 CFR 541.12, Table n.4 in relevant part:

> You have the right to health care, which includes health care, which includes nutritous meals bedding and clothing, and a laundry schedule for cleaniliness of the same, an opportunity to show regularly, proper ventilation for warmth and fresh air, a regular exercise period, toilet articles and medical and and dental treatment.

Additionally, the warden (O'Brien) management duties is derelict because inmates who are observed by staff that are on hunger or food strike are placed in a holding tank designed for newly admitted inmates to special housing unit under observation scrutiny per order of pyschology and/or medical department or combined. The holding tank di not have a toiler, sink or shower. That is another instance of inhumane habitat that's perpetrated by the warden (O'Brien) and that show's that its cruel and unusual punishment prohibited by the eighth amendment of the United States constitution. See 28 CFR 500.1

**Definitions.**

  As used in this chapter,
(a) The Warden means the cheif executive officer of U.S. Pententiary, Federal Correctional Institution, Medical Center for Federal Prisoners, Federal Prison Camp, Federal Detention Center, Motropolitian Correctional Center, or any federal penal or correctional institution or facility. Warden also includes any staff member with authority explicitly delegated by any chief executive officer.

Next, the Warden (O'Brien) applies the wrong statutory authority for considering the petitioner for transfer and designation. Primarily the petitioner custodian is the respondent because petitioner judgment and comitment order clearly states, " admit the

(2)

petitioner to the custody of the respondent." Therefore, all transfer were invalid since on neither occassions were the respondent notified and gave approval as mandated in 28 § 4082, to any of petitioner transfers.

Finally, the Warden (O'Brien) has not complied with the Program Statement issued by respondent governing employees conduct as described in Program Statement 3420.09, Attachment A. Whenever a inmate files a grievance claiming that Bureau employees conduct violates said Program Statement the Warden is suppose to investigate and apply discpline penalties in accordance with Attachment A. He warden (O'Brien) has failed to honor his duties delegated to him under 18 U.S.C. § 4042 by the resondent by constantly letting staff go undiscpline. Additionally, the warden has abondoned his duties by virtue of id § 500. Thus, for all the above and below reasons the respondent shall have the warden acts and omissions imputed to him under Principal/Agent doctrine. See Bailey v Zlotnick 133 F.2d 35, and the court should issue a Temporary Restraining Order or Preliminary Injunction enjoining the above violation of petitioner right as he suffered injury continously at the hands of the warden since the respondent has delegate authority. See Castellini v Lappin, 365 F.Supp.2d 197 (2005) see also American Rivers v U.S. Army Corps of Engineers, 271 F.Supp.2d 230 (D.D.C. 2003)(Injunction granted to deter arbitrary governmental actions).

The district court should allow petitioner to submit documentry evidence of later governmental actions on occassions precedingly wherein petitioner rights has been violated if the burden of proof is shifted by respondents tactics. See Haines v Kerner, 404 US 519 (1970). The Supreme Court held that a prisoner should be entitled to offer proof in support of his claim for damages under the Civil Rights Statute. So that says the court has the discretion and based on the facts of this case is proper. The petitioner can prevail a violation of his eighth amendment since petitioner has been on food strike since August 8, 2006 and was placed in the holding tank since August 11, 2006 without a sink, toilet or shower. Therefore each time the petitioner urine he can't wash his hands and if he has to defecate he has to do so in a bucket, since the cells in special housing units for inmates who food strike are taken by inmates who are on administrative or

(3)

punitive segregation, while cells in the hospital are not to be used per quote from the nurse Pease because there is not enough staff available to monitor the inmate. To often the officers of special housing unit abandons their duties to promptly tour each tier for toilet flush because they're either lotering or preoccupied with passsing out toilet paper, towels and wash clothes, jumpsuits and processing a constant influx of inmates into special housing unit predicated on frivilous incident reports authored by white staff against black inmates. See 28 CFR 551.90.

When inmates like myself who has had to file grievances frequently for unproffessional conduct that was often embedded with racism. The grievances are not reviewed under Program Statement 3420.09, supra, and the staff most of the time go undiscplined because of the complicity and notion, "that staff togather we stand-divided we fall." Such notions has caused petitioner numerous forms of retaliation. For example, petitioner completed CODE program which is highly recognize and respected throughout Bureau of Prisons. So when transfer was submitted the Case Manager Ms. Willis omitted that. Additionally, Unit Manager Myers placed a escape offense in petitioner transfer order that was proven to be false. As a result petitioner transfer was denied. If reviewed and found guilty, Willis and Myers was to be discplined per 3420.09, Attachment A. But the warden permits this type of abuse and complicity against petitioner because petitioner execises his first amendment right.

The petitioner sought reconsideration to the denial of his transfer, wherein he showed the Warden, Mid-Atlantic Regional Office, and Central Office at least 100 named inmates who had gotten transferred that had a greater sentence and a more serious crime than petitioner and they still didn't apply impartiality as mandated under 18 U.S.C. § 3621(b) and Program Statement 3420.09, Attachment A, where it says "no Bureau employee shall show favortism or preferential treatment to other inmates over others."

The petitioner avers that all the facts quoted is a sufficient basis for this court to grant the motion to amend. Particularly since the respondent have not complied with

(4)

the district court order; nor have they requested a extension of time. Thus, there is no reason to second guess a eighth amendment violation for the unfit and inhumane conditions, totally prohibited by the eighth amendment. See Kingsley v Bureau of Prisons, 937 F.2d 26, 32 (D.C. Cir 1991)(Evidence of fear, mental anguish and misery can establish the requisite injury for an Eighth Amendment claim); Hicks v Frey, 992 F.2d 1450, 1457 (6th Cir 1993)(Extreme conduct by custodians that causes severe emotional distress is sufficient for a Eighth Amendment proffer of cruel and unusual punishment); Gates v Cook, 376 F.3d 323 (5th Cir 2003)(Filthy cell conditions is prohibited by Eighth Amendment); Williams v Griffin, 952 F.2d 820 (4th Cir. 1991)(Unsanitary prison conditions is prohibited by the Eighth Amendment). The fact that petitioner has been retaliated against continously and has suffered stress from being in a unfit habitat for observation while on food and hunger, namely a holding tank without a sink, toilet and shower signifies that the agent (Warden O'Brien) acts and omissions of management delegated to him from the respondent is in default and is imputed to the respondent requiring this court to grant not only a Temporary Restraining Order or Preliminary Injunction to deter the preceding acts and omissions, but grant the motion to amend the writ of mandamus to compel compliance with the Laws, Rules and Regulations that respondent is the rulemaker thereof.

The district court in Muwekma Tribe v Babbit, 133 F.Supp.2d 42(D.D.C. 2001) held that to grant a motion to amend a writ of mandamus is proper, therefore, petitioner avers and proffers that the amend to the writ of mandamus is essential in this case to deter the respondent and his delegate from violating their own Laws, Rules and Regulations that has given rise to the Eighth Amendment claims demonstrated herein.

Foregoing reasons the district court has jurisdiction to grant the motion in whole or in part forthwith.

Date: 8/16/06

Respectfully Submitted

*Audre S. Watts*

UCC 1 207