UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUN 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDRE SYLVESTER WATTS,          :

        PETITIONER,          :

v                                 :          Civil Action No. 06-0777 R JL

ALBERTO GONZALES,               :

        RESPONDENT.          :


MOTION TO OBJECT TO RESPONDENT MOTION
FOR ENLARGEMENT OF TIME

The respondent motion should be denied because the respondent has had reasonable    time to answer, stemming from the district court order of June 12, 2006.

The petitioner would be prejudice by the respondent enlargement of time because it totally disregarded it obligation to file an answer to the district court order prior. In fact, the respondent did not file an answer to the petitioner amendment and notice of contempt for failure of the respondent to comply with the district court June 12, 2006 order of show cause. The amendment to the mandamus and notice of contempt was filed August 1, and August 16, of 2006 and now its May 30, 2007, long over one year and the respondent innovates for an enlargement of time.

The district court should impose the remedial fine requested by the petitioner in his motion of contempt of court and grant the relief sought in the writ of mandamus by an entry of judgment.

The district court has jurisdiction pursuant to Rule 7(b) of the Federal Rules of Civil Procedure to issue an order for the relief, and sanction requested. See Chambers v Nasco, 501 U.S. 32 (1991), the Supreme Court held that sanctions is appropiate against any party who acts in bad faith. Most definitely the respondent is acting in bad faith by virtue of the fact that it had long over a year to seek an enlargement of time and did nothing but idle around. But comes before this court with worthless innovation seeking to gain an enlargement of time.

Moreover, petitioner submits that the conditions that the petitioner has to suffer or be subject to should no longer be ignored at the expense of our political figures who masquarades in the public, under the impression that their in compliance with the needs of the people. Knowing contrary without a conscious or concern that petitioner life, and health and welcare is a grave risk.

This court held in Blackman v District of Columbia, 59 F.Supp. 37 (D.D.C 1999) that the    moving party was not entitled to an enlargement of time and petitioner  request that this court upheld its own precedent and deny the respondent frivolous motion for enlargment of time.


Executed by: ANDRE SYLVESTER WATTS, May 30, 2007



Without Prejudice
UCC 1- 207

Andre Sylvester Watts (c)
in behalf of ANDRE SYLVESTER
WATTS, ens legis.

## CERTIFICATE OF SERVICE

I hereby certify that the petitioner has by postage prepaid served the defendant a true and correct copy of petitioner motion of objection to defendant enlargement of time

On *June 5*          2007 ,mailed to :

John S. Groat
Trial Attorney
Commercial Litigation
Civil Division
United States Department of Justice
1100 L. Street, N.W.
Washington, D.C. 20530

Executed by: ANDRE SYLVESTER WATTS

Without Prejudice
UCC 1 - 207

*Andre Sylvester Watts* (c)
Andre Sylvester Watts (c)
in behalf of ANDRE SYLVESTER
WATTS, ens legis