# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:06-CV-777 (RJL) |
| | ) | |
| ALBERTO GONZALES, | ) | |
|     Defendant. | ) | |

## DECLARATION OF JAMES SCHLUTER

I, James Schluter, hereby declare and state the following:

1. I am currently employed by the Federal Bureau of Prisons (BOP) as an Administrative Remedy Specialist at the Office of General Counsel. I have held my position since April 4, 2004.

2. As Administrative Remedy Specialist, I have access to the BOP database known as SENTRY. All administrative remedy requests and appeals filed by Bureau of Prisons' inmates are logged and maintained in SENTRY.

3. The administrative remedy process commences with the inmate informally presenting a complaint to a staff member at the facility where he or she is housed. See 28 C.F.R. § 542.13(a). If this attempt at informal resolution is not successful, the inmate may file a formal written complaint with the Warden. See 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may appeal to the Regional Director. See 28 C.F.R. § 542.15. If unsatisfied with the Regional Director's response, the inmate may appeal to the General Counsel. See 28 C.F.R. § 542.15. The appeal to the General Counsel is the final administrative appeal provided by the Bureau of Prisons. An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels. Once the inmate has filed and received a response at each of these three levels, the inmate is considered to have exhausted the available administrative remedies. See Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied*, 516 U.S. 835, 116 S.Ct. 112 (1995).

3.      I have reviewed the administrative remedy requests filed by the Plaintiff Andre Watts, Register Number 13799-083, who is currently housed at the United States Penitentiary, Lee County, Virginia. Plaintiff has not exhausted available administrative remedies regarding the issues referenced in the above-referenced action with respect to medication prescribed for arthritis, access to training and educational programming, the flushing of toilets, housing of inmates on a hunger strike, relying on the wrong statutory authority to deny transfer requests, failure to be dutiful in disciplining staff, allowing inmates with communicable diseases to roam freely throughout the prison, or the refusal to take urine and blood samples or to take his blood pressure weekly.

In accordance with 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 21th day of June 2007 in Washington, D.C.

James Schluter
Administrative Remedy Specialist
Federal Bureau of Prisons