# Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 24 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDRE SYLVESTER WATTS,       )
                             )
       Plaintiff,            )
                             )
v.                           )     Civil Action No. 06-1955 (RJL)
                             )
FEDERAL BUREAU OF PRISONS,   )
                             )
       Defendants.           )

**ORDER**

Generally, the party instituting a civil action, suit or proceeding in a federal district court must pay a filing fee of $350. 28 U.S.C. § 1914(a). If that party demonstrates that he is unable to pay the fee, the Court may allow him to proceed *in forma pauperis*, that is, without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner who qualifies for *in forma pauperis* status must pay a partial filing fee initially and then pay the balance in monthly installments until the fee is paid in full. 28 U.S.C. § 1915(b); *see Chandler v. District of Columbia Dep't of Corr.*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). Unless a prisoner "is under imminent danger of serious physical injury," he may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). A prisoner's complaint should be dismissed if he does not qualify for *in forma pauperis*

1

status under the PLRA and fails to pay the entire filing fee within a reasonable period of time. *See Magee v. Clinton*, No. 04-5247, 2005 WL 613248, *1 (D.C. Cir. Mar. 14, 2005) (per curiam) (revoking *in forma pauperis* status under § 1915(g) and *sua sponte* ordering payment of filing fee in full). A prisoner's "privilege to proceed [*in forma pauperis*] should be reevaluated if and when information comes to light that calls into question whether he was initially eligible for that privilege." *Davis v. Thomas County Sheriff's Dep't*, 2006 WL 2567883, *2 (M.D. Ga. Sept. 5, 2006).

Defendant demonstrates that plaintiff has accumulated more than "three strikes" for purposes of the PLRA. *See* Memorandum of Points and Authorities in Support of Respondent's Motion for Summary Judgment or, in the Alternative, to Stay Proceedings, Ex. B-I. Plaintiff raises no meaningful opposition on this issue. *See generally* Motion in Opposition to Respondent['s] Motion to Dismiss or in Alternative, Summary Judgment Motion.

Because the plaintiff has accumulated more than "three strikes," this action may proceed only under the "imminent danger" exception. *See* 28 U.S.C. § 1915(g). Here, plaintiff merely demands the release of records maintained by the Federal Bureau of Prisons.[1] Nothing in the complaint or opposition to defendant's dispositive motion even suggests that plaintiff is in imminent danger of serious physical injury.

The Court concludes that plaintiff has accumulated more than "three strikes" for purposes of the Prison Litigation Reform Act, and thus he is not eligible to proceed *in forma pauperis* in

---

[1] Although plaintiff calls his pleading a "Petition for Writ of Mandamus," the Court construes it as a civil complaint under the Freedom of Information Act. *See* 5 U.S.C. § 552(a)(4)(B).

this action. Plaintiff will be given an opportunity to pay the filing fee in full. His failure to do so within the time limit set forth below will result in the dismissal of this action without prejudice.

Accordingly, it is hereby

ORDERED that the Court's November 15, 2006 Order [Dkt. #5] granting plaintiff's motion to proceed *in forma pauperis* is VACATED. Plaintiff's *in forma pauperis* status is REVOKED. Plaintiff is barred from proceeding *in forma pauperis* in this and in any future civil action unless he demonstrates that he is under imminent danger of serious physical injury. It is further

ORDERED that, within 30 days from the date of entry of this Order, plaintiff shall pay in full to the Clerk of Court a $350 filing fee. If plaintiff fails to make such payment timely, the Court will dismiss this civil action without prejudice to refiling upon payment in full of the filing fee.

SO ORDERED.

Date: 5/22/07

RICHARD J. LEON
United States District Judge

3