Exhibit 10

U.S. Department of Justice | **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

AR06-07
430534

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _____ _____ _SHU_ _LEE_
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** I APPEAL BECAUSE THIS GRIEVANCE IS NOT BEING TAKEN SERIOUSLY & NO INVESTIGATION HAS BEEN REALISTICALLY CONDUCTED. THE BP-9 cited FIVE (5) TIMES TO REVIEW CAMERA RECORDS TO PROVE C.O. WALKS ARE NOT ADEQUATE. NOTHING'S CHANGED. CHECK THE TAPES FOR 1-2-07 @ 22:00 TO 23:45 & 1-3-07 @ 09:30-12:00. U.S.P. LEE SHU VIOLATES THE 8TH AMENDMENT. INMATES ROUTINELY MUST ENDURE FECES & WASTE IN UNFLUSHED TOILETS FOR HOURS AS WELL AS ALL THE ATTENDANT DEGRADATION & UNSANITARY CONDITIONS ASSOCIATED WITH SUCH DELIBERATE INDIFFERENCE TO HEALTH AND SAFETY. THE LEE SHU ALSO VIOLATES 28 CFR 541.12(14); 541.21(b) & (c)(1). "LIVING CONDITIONS IN SHU MAY NOT BE MODIFIED TO REINFORCE ACCEPTABLE BEHAVIOR. WARDEN O'BRIENS CLAIM OF "SECURITY" IS NOT JUSTIFIED, IS OVERBROAD, IS NOT RATIONAL, AND IS NOT THE "LEAST" INTRUSIVE TO "CONSTITUTIONAL RIGHTS" MEANS AVAILABLE TO ADDRESS HIS "CLAIMED SECURITY ISSUES."
I REITERATE MY CLAIMS PRESENTED IN THE BP-8, 9, & 10 AS WELL AS MY CLAIMS FOR RELIEF.

2-4-07
DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

**RECEIVED**
FEB 1 5 2007
Administrative Remedy Section
Federal Bureau of Prisons

_____    _____
DATE                                      GENERAL COUNSEL
FIRST COPY: WASHINGTON FILE COPY          CASE NUMBER: 430534-A1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Part C—RECEIPT**                         CASE NUMBER: _____

Return to: _____ _____ _____ _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____    _____
DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                          BP-231(13)
                                                                 APRIL 1982

Administrative Remedy No. 430534-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you complain that toilets in the Special Housing Unit (SHU) at USP Lee are not flushed when needed and this creates unsanitary conditions. You request inmates be allowed to flush their own toilet.

Our review reveals that SHU staff conduct rounds at USP Lee every 30 minutes as required by policy. As indicated by the Warden, SHU staff will flush the toilet on the inmate's request during their rounds. The design of the toilets in SHU are for security reasons, therefore the current practice will continue where staff flush the toilets during 30 minute rounds. Accordingly, your appeal is denied.

April 12, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice
Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _____  _____  _____ SHU _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** I APPEAL FOR TWO REASONS. 1) AS I SAID IN THE BP-8, THE SHU IS DESIGNED TO HANDLE FLOODING - FLOODING STILL OCCURS - NOW FROM BROKEN FIRE SPRINKLERS & SHOWERS. SO DAMAGE TO THE FLUSH MECHANISM IS JUST NOT VALID. YOU CHARGE INMATE'S WHO CAUSE THE DAMAGE - NOT PUNISH EVERYONE. CLAIMING A SECURITY ISSUE MUST BE BASED ON MORE! 2) A PAPER LOG, WHICH STAFF CAN EASILY CIRCUMVENT PROVES NOTHING. STAFF DO NOT MAKE TIMELY 30 MINUTE ROUNDS AT ALL TIMES. STAFF DO NOT ALWAYS FLUSH - TOILETS DO STAND WITH WASTE FOR HOURS - AND IT DOES TAKE HOURS TO CLEAR CLOGS CAUSED BY THE DELAYS IN FLUSHING.
ALSO - WHY DON'T OTHER SHU'S IN BOP HAVE THE FLUSH MECHANISM OUTSIDE THE CELLS? HMM. I WONDER WHAT'S DIFFERENT. I REITERATE MY BP-8, REQUESTED RELIEF, & IN BP-9.

11-2-06
DATE                                                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**







_____                                    _____
     DATE                                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                       CASE NUMBER: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**
                                                    CASE NUMBER: _____

Return to: _____  _____  _____  _____
              LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                              _____
     DATE                                     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Regional Administrative Remedy Appeal
Part B - Response

Date Filed: November 13, 2006                Remedy ID #430534-R1

You appeal the Warden's response to your Request for Administrative Remedy. You complain that you are not able to flush your toilets in the Special Housing Unit (SHU). As relief you request to be able to flush your own toilet.

Investigation reveals that all toilets in the Special Housing Unit, can be flushed from outside the cell only. The flushing knob was placed outside the cell to maintain the orderly running of the Special Housing Unit. Staff assigned to the SHU, make rounds every 30-minutes, as required by policy. Inmates can also request staff not assigned to the SHU, to flush their toilets, during rounds through the unit.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

JAN 2 5 2007
_____                _____
Date                                    For K. M. White
                                        Regional Director
                                        Mid-Atlantic Regional Office

Institution Response to Administrative Remedy
United States Penitentiary, Lee County
Jonesville, Virginia

Administrative Remedy Number: 430534-F1          Date Receipted: 10/17/06

This is in response to Administrative Remedy 430534-F1, in which you claim it is cruel and unusual punishment for inmates not being allowed to flush their own toilet in the Special Housing Unit (SHU). You further allege staff are not conducting their 30 minute rounds and not flushing the toilet. As relief, you request to be able to flush your toilet.

A review of your request indicates the change with the toilets was instituted for security reasons. This eliminates the possibility of inmates repeatedly flushing the toilets, which causes flooding or other problems with the plumbing system. Additionally, the push buttons were moved to the outside of the cell to eliminate security issues based on repeated damage to the flushing mechanisms inside the cells. The 30 Minute Check log reveals staff are conducting their rounds as describe in policy. Upon request from the inmate, staff will flush the toilets during their rounds.

Your request for relief is denied. If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, 10010 Junction Drive, Suite 100-N, Annapolis Junction, Maryland 20701. Your appeal must be received in the Regional Director's Office within 20 days from the date of this response.

_____          10-18-06
Terry O'Brien, Warden             Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

CMR- 10-4-06 (2:MRL-24l) AR-06-07

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____   _____   SHU   LEE
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.  UNIT  INSTITUTION

**Part A- INMATE REQUEST** FECES & URINE CONTINUE TO SIT FOR HOURS 18" FROM MY SINK FOR NO GOOD REASON. THERE IS NO REASONABLE RELATIONSHIP BETWEEN INMATES NOT BEING ALLOWED TO FLUSH THEIR TOILETS & SECURITY. FLOODING AND PLUMBING PROBLEMS ARE NOT VALID SECURITY ISSUES, NOR IS REPEATED DAMAGE TO FLUSHING MECHANISMS. SHU'S RANGES ARE EQUIPPED WITH DRAINS EVERY TWO CELLS (APPROX. 22 DRAINS ON C-RANGE), THUS THE BLDG WAS DESIGNED TO HANDLE FLOODING. FURTHERMORE, FLOODING STILL OCCURS FROM FIRE SPRINKLERS & SHOWERS WITH CORRESPONDING DAMAGE - THE ONLY REASON THESE AREN'T REMOVED IS SUCH ACTION WOULD AFFECT SECURITY. THE REQUIRED 30 MIN CELL CHECKS ARE NOT BE FAITHFULLY CONDUCTED REGARDLESS OF WHAT SOME EASILY FALSIFIED LOG SUPPOSEDLY RECORDS. FOR THE TRUTH, CHECK C-RANGE CAMERA'S AT: 07:00 TO 08:00/9-21-06; 15:30 TO 16:30/9-24-06; 11:00 TO 12:15/10-1-06; 12:20 TO 15:08/10-1-06; 12:45 TO 14:05/10-4-06. THE CAMERAS CAN'T BE FALSIFIED. AND DO NOT FORGET, FECES & URINE, SITTING FOR PROLONGED PERIODS IN OPEN TOILETS, IN AN 8'X10' CELL, HOUSING TWO MEN, IS CRUEL & UNUSUAL PUNISHMENT & THEIR IS NO EXCUSE.
 I REITERATE THE RELIEF REQUESTED IN MY BP-8 AS WELL AS COMPENSATION FOR VIOLATION OF THE U.S. CONSTITUTION AND THE LAWS OF THE UNITED STATES.

10-4-06                                    _____
DATE                                       SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED WARDEN'S OFFICE
USP LEE COUNTY, VA
2006 OCT 17 AM 10: 53

_____         _____
DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE              CASE NUMBER: 430524-F1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                           CASE NUMBER: 430524-F1

**Part C- RECEIPT**
Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.  UNIT    INSTITUTION
SUBJECT: _____

_____         _____
DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                 BP-229(13)
                                                        APRIL 1982

Name:
Register Number:
Unit: F/SHU
Informal Resolution Number: MB6-264

## INFORMAL RESOLUTION FORM

This is in response to your Informal Resolution form received September 29, 2006, in which you claim is unsanitary for inmates not being allowed to flush their toilet in the Special Housing Unit (SHU). Additionally, you claim staff are not making their 30 rounds in SHU. For relief, you request inmates be allowed to flush their own toilet and security rounds be made.

A review of your request indicates the change with the toilets was instituted for security reasons. This eliminates the possibility of inmates repeatedly flushing the toilets, which causes flooding or other problems with the plumbing system. Additionally, the push buttons were moved to the outside of the cell to eliminate security issues based on repeated damage to the flushing mechanisms inside the cells. The 30 Minute Check log reveals staff are conducting their rounds as describe in policy. Upon request from the inmate, staff will flush the toilets during their rounds.

Your request for relief is denied.

_____        _____9/29/06_____
C. Williams, Captain                    Date

# Informal Resolution Form

Notice to Inmate: Be advised, **before** seeking formal review of your concern, you must try to resolve the issue informally. Staff are obligated to make a good-faith effort to resolve **ALL** inmate concerns prior to issuing this form.

INMATE'S NAME: _____   REG. NO.: _____   UNIT: F

ISSUED TO INMATE ON: 9-27-2006    AR-06-07

1) Specific Issue: The toilets in the SHU cannot be flushed. Hours pass with feces sitting in an open toilet. Staff often withhold flushes for imagined infractions. I must wash, brush teeth, draw water, where feces, waste, and urine reek for prolonged periods. Staff are missing their security rounds. Often one hour to one & one-half or two hours pass between walks. No walks may result in an inmate death due to no staff presence and contributes to the problem of standing waste in the toilets.

2) Relief Requested: Correct the violation of constitutional rights by allowing inmates to flush toilets. 10 minutes exposed to standing waste is too long. Ensure SHU staff complete security walks each 30 minutes or hour as required by law and enforce reprimand for failures.

9-27-06

3) Date Received: 9-29-06

4) Responsible Department: CAPT.        5) Date Issued: 9-29-06

6) Staff Response: _____

7) Informally Resolved?   Yes / No

8) Date Received by Counselor:         9) Date BP-229 issued:

Unit Manager's Signature                                    Date:

Number: MB6-264   Bennett  E/F
(generated by each Counselor)

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _____   _____   _____   USP Lee County
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL   This Appeal is brought under 28 ("CFR") 542.10 eT. Seq, And 28 USC 1331-1343 eT. seq, Arising from the Warden And Regional Directors denials over the complaint made against custody for imposing unsanitary conditions against his allmates and others based upon A collective punishments scheme devised by staff which the merits of this plaintiff's claim were not Answered Ester V. Principi, 250 F.3d.1068 (7th cir.2001); Zhao V. U.S. Dept of Justice, 265 F.3d.83 (2d. cir. 2001); Delta Foundations, Inc V. United States 303 F.3d.551 (5th cir.2002). And Failure to Address this inmates contentions bars this Agency from disputing same in light of the fact that it is the ("BOP")s practice And custom to issue standardized responses, And the central office should reconsider its Actions And grant relief in this Action, ("See B-P-8, -9, And 10 for details.)

2-14-07
DATE                                              SIGNATURE OF REQUESTER

Part B—RESPONSE

**RECEIVED**

FEB 2 8 2007

Administrative Remedy Section
Federal Bureau of Prisons

_____
DATE                                              GENERAL COUNSEL
FIRST COPY: WASHINGTON FILE COPY                  CASE NUMBER: 431586-A1

Part C—RECEIPT                                    CASE NUMBER: _____

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____           _____
DATE                      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982
USP LVN

Administrative Remedy No. 431586-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you complain that it is unsanitary for inmates in the Special Housing Unit (SHU) at USP Lee not to be able to flush their toilet. As relief, you request inmates be allowed to flush their own toilet.

Our review reveals that SHU staff conduct rounds at USP Lee every 30 minutes as required by policy. As indicated by the Warden, SHU staff will flush the toilet on the inmate's request during their rounds. The design of the toilets in SHU are for security reasons, therefore the current practice will continue where staff flush the toilets during 30 minute rounds. Accordingly, your appeal is denied.

_April 24, 2007_
Date

_Harrell Watts, Administrator_
National Inmate Appeals

**U.S. Department of Justice**
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _____  _____  __I__  __Lee Co USP__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I am appealing this remedy #431586 F1. Warden O'Brien responded stating, as did Captain Williams in the BP9, that a modification in the closure mechanisms of the toilets in the Lee Co USP SHU, was and has been modified to encourage acceptable behaviour. This is a direct and deliberate act and violation of BOP PS#5270-09, chapter-9, section B, stating, "Living conditions may not be modified for the purpose of enforcing acceptable behaviour". These acts constitute civil rights violations of acting with deliberate indifference to inflict cruel and unusual punishment. In fact, Lee Co USP is the only BOP prison that does this, even as the A.O.X' supermax does not impose such modifications in a group action. Resolution: Return toilets to original state; make reparations for civil rights violation of $100 per day.

11-13-06
DATE                                           SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
NOV 27 2006
_ _ Prisons
_ _ _ _ gional Counsel

_____           _____
DATE                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: __431586-__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT:_____

_____           _____
DATE                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                   PRINTED ON RECYCLED PAPER           BP-230(13)
                                                              JUNE 2002

Regional Administrative Remedy Appeal
Part B - Response

Date Filed: November 27, 2006                    Remedy ID #431586-R1

You appeal the Warden's response to your Request for Administrative Remedy. You complain that it is unsanitary for inmates in the Special Housing Unit (SHU) not to be able to flush their toilets. As relief you requested to be able to flush your own toilet, and be granted monetary compensation.

An investigation revealed that all toilets can be flushed from outside the cell only. The flushing knob was placed outside the cell to maintain the orderly running of the Special Housing Unit. Staff assigned to the SHU, make rounds every 30-minutes, as required by policy. Inmates can also request staff not assigned to the SHU, to flush their toilets, as they make rounds. Regarding your monetary damages, you may file an administrative tort claim under the Federal Tort Claims Act. You may request this form from your Unit Team.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

JAN 2 5 2007
_____        _____
Date                                K. M. White
                                    Regional Director
                                    Mid-Atlantic Regional Office

U.S. DEPARTMENT OF JUSTICE                                     REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

22ZM

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____  _____  _____  USP Lee County
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.       UNIT         INSTITUTION

Part A- INMATE REQUEST In response to attached BP8, affidavit, and response #666-243 concerning flushing mechanisms in the SHU at Lee co USP Capt C. Williams readily admits to instituting cell changes and modifications in the SHU, to encourage acceptable behavior. This is a direct violation of BOP policy #5270.07, chapter-9, section B, which in turn is a civil r.. violations of, "Acting with deliberate indifference to inflict cruel and unusual punishment". These acts fall under the 4th, 8th, and 14th Amendment. The response given is false, as flooding in the SHU is a daily occurrence, by sinks, showers and busting the sprinkler system. The flooding problem is thru out the B.O.P., only Lee county, has instituted unwritten policy, to discourage, and encourage behavior thru cell and living condition modification. (See BP8, and affidavit. These living conditions need be changed to their original state, per policy/law and ~~request~~ compensation of $100 per day, for the civil rights violations that are deliberately inflicted on inmates by, purposely violating laws and rules and guidelines set in place by policy to ensure safe and sanitary conditions.

10/20/06                                                  _____
DATE                                                       SIGNATURE OF REQUESTER

Part B- RESPONSE

OCT 26 2006

_____                                       _____
DATE                                                   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                       CASE NUMBER: 431586-F1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                  CASE NUMBER: 431586-F1
Part C- RECEIPT
Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                                       _____
DATE                                                   RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

Institution Response to Administrative Remedy
United States Penitentiary, Lee County
Jonesville, Virginia

Administrative Remedy Number: 431586-F1          Date Receipted: 10-26-06

This is in response to Administrative Remedy 431586-F1, in which you claim it is unsanitary for inmates in the Special Housing Unit (SHU) to not be able to flush their own toilets. As relief, you request to be able to flush your own toilet.

A review of your request indicates the change with the toilets was instituted for security reasons. This eliminates the possibility of inmates repeatedly flushing the toilets, which causes flooding or other problems with the plumbing system. Additionally, the push buttons were moved to the outside of the cell to eliminate security issues based on repeated damage to the flushing mechanisms inside the cells. Staff are making the appropriate rounds in SHU and when requested, the toilets are being flushed.

Your request for relief is denied. If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, 10010 Junction Drive, Suite 100-N, Annapolis Junction, Maryland 20701. Your appeal must be received in the Regional Director's Office within 20 days from the date of this response.

_____          10/27/06
Terry O'Brien, Warden                Date

# Informal Resolution Form

Notice to Inmate: Be advised, **before** seeking formal review of your concern, you must try to resolve the issue informally. Staff are obligated to make a good-faith effort to resolve **ALL** inmate concerns prior to issuing this form.

INMATE'S NAME: _____   NO.: _____   UNIT: I

ISSUED TO INMATE ON: ~~9/19/06~~ 9/30/06

1) Specific Issue: Prohibition of flushing toilets from inside the special housing of U.S.P Lee county, due to previous misuse of toilets by other inmates. According to P.S. 5270.01, Chapter 9 section B, "living conditions may not be modified for the purpose of enforcing acceptable behavior." All SHU inmates are being punished and held responsible for acts committed by past inmates. Myself and other inmates in SHU are unable to flush toilets and dispose of fecal matter and urine in a healthy and sanitary manner, or use the toilets as were originally designed for. We are forced to live in cells with toilets full of waste, with no toilet cover or feasible manner of avoiding the both health risk. This is a ploy by administration meant to encourage acceptable behavior, and is a violation of Policy and civil rights. (Also see attached Affidavit in the form of exhibit A).

2) Relief Requested:
Restore toilets to original function as was first installed, or modify to meet standards acceptable to healthy standards and risk. ~~[struck through text]~~

3) Date Received: 10/5/06

4) Responsible Department: Corr Svr.    5) Date Issued: 10/6

6) Staff Response:

7) Informally Resolved?   Yes / No

8) Date Received by Counselor: 10/5/06    9) Date BP-229 issued:

Unit Manager's Signature: _____    Date:

Number: 666247
(generated by each Counselor)

Sworn Affidavit of

On 9/16/06 I _____ was placed in the Special Housing unit of U.S.P. Lee county. While in the SHU I became aware that the toilets would not flush from inside the cell, and had to be flushed from outside the cell. As was a daily occurance, the entire time of my stay in the SHU, from 9/16/06, to 10/2/06, staff did not make regular rounds, and the toilets went unflushed for hours at a time.
This often created build up of fecal matter, urine, and toilet paper used to wipe the rectal area of it's remaining waste once finished using the restroom.
Oft-times when staff would finally make the rounds, which was often durring feeding times, this waste would have built up as such that it clogged the bowl, and would have to be extracted by hand as the officer flushed the toilet from outside the cell. On 9/28/06, durring feeding time at 12:30pm on range B cell #211,(see range video taken on that day.),this infact occurred and I was forced to extract the fecal matter and all remains from the bowl in an attempt to unclogg the bowl, as the officer ~~~~ flushed from outside the cell, using my bare hands. This was not the first time, as it often was that many times upon having to ,or experiencing a bowell movement, myself and my cell mate, a # _____ would be forced hold our bowell movements in an attempt to wait for any officer to make rounds, so that one might rid the toilet of exsisting urine, fecal matter, ect, and when we could not wait, would have to use the toilet on top of the exsisting matter, and pre-exsisting waste, thus leading to being splashed on the rectal area by the pre-exsisting waste.

_9-30-06_
Date

Affidavit:

Signed and sworn before witness John Burke #14836-064, while being housed in the Special housing unit of U.S.P Lee County.

_9-30-06_
Date

Witness

Name:
Register Number:
Unit: I/SHU
Informal Resolution Number: GG6-243

## INFORMAL RESOLUTION FORM

This is in response to your Informal Resolution form received September 1, 2006, in which you claim is unsanitary for inmates not being allowed to flush their toilet in the Special Housing Unit (SHU). For relief, you request inmates be allowed to flush their own toilet.

A review of your request indicates the change with the toilets was instituted for security reasons. This eliminates the possibility of inmates repeatedly flushing the toilets, which causes flooding or other problems with the plumbing system. Additionally, the push buttons were moved to the outside of the cell to eliminate security issues based on repeated damage to the flushing mechanisms inside the cells. Staff are making the appropriate rounds in SHU and when requested, the toilets are being flushed.

Your request for relief is denied.


_____           _10-4-06_____
C. Williams, Captain                      Date

Delivered 10/19/06