# Exhibit 11

U.S. Department of Justice
Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Watts, Andre S.  Reg. No. 13799-083  Unit: J  Institution: USP Lee County
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

## Part A - REASON FOR APPEAL

The grievant is dissatisfied with the responses in the BP-8, BP-9 and BP-10; nontheless seeks the original relief requested. However, the Mid-Atlantic Region piggybacked the preceding basis of denial, whic was arbitrary, capricous and abuse of discretion. Hence, the consequences of the responses causes adverse impact because grievant remained housed in a "high security level institution" inconsistent with the interpretation of P.S. 5100.07 Appx.B, namely the assault in which is emphazied upon most in the later response of the denied grievance. The falsified version that grievant attempted to remove the arresting officer serpine, but the bystander moved grievant hand is impermissible hearsay and not accepted in the court of law and should not be the predicate for the later factfinding, particularly when the later grievance viewer is not acting in a quasi capacity. So not only is the factfinding absence of substance but the person reaching the factfindingis negating the regulatory contents for self serving purposes. If such conduct is upheld, then the entire Program Statement is subject to retardation or rescinding by the court for arbitrary, caprcous and abuse of discretion by the Federal Bureau of Prisons for delegating authority to staff who are not fair and impartial when viewenggievancesthhataree responsible acting within the high standards mandated by the Department of Justice. This office can correct the above defects in interpretating P.S. 5100.07 Appx. B.

6/28/05
DATE          SIGNATURE OF REQUESTER

## Part B - RESPONSE

[RECEIVED JUL 12 2005 ADMINISTRATIVE REMEDY BRANCH]

DATE          GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY          CASE NUMBER: 377232-A1

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION
SUBJECT: _____

DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN          BP-231(13)
                 JUNE 2002

**Administrative Remedy No. 377233-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you claim the severity of your current offense is incorrectly scored as Greatest Severity. You request this defect be corrected.

Our review reveals the Warden and Regional Director adequately responded to the issue raised in your appeal. The issue raised is within the authority of the Warden as set forth in Program Statement (P.S.) 5100.07, <u>Security Designation and Custody Classification Manual</u>. The intent of P.S. 5100.07 is to allow staff to use professional judgment in decisions involving custody classification. P.S. 5100.07 states that total offense behavior is to be used when determining an inmate's current offense.

Records indicate you are currently serving a District of Columbia combined sentence for Robbery and Assaulting, Resisting or Interfering with a Police Officer. As detailed in the Warden and Regional Director's responses, your Presentence Investigation Report reflects you demonstrated behavior during your instant offense that is considered Greatest Severity pursuant to P.S. 5100.07. Specifically, your offense of Assaulting, Resisting or Interfering with a Police Officer involved you struggling with a police officer and grabbing the officer's weapon. Furthermore, P.S. 5100.07 states that any current offense for Robbery shall be scored as Greatest Severity. Therefore, we find your offense has been correctly scored in the Greatest Severity category.

Accordingly, your appeal is denied.

September 2, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

# Regional Administrative Remedy Appeal
# Part B - Response

**Date Filed:** June 6, 2005           **Remedy No.:** 377233-R1

You appeal the Warden's response to your Request for Administrative Remedy. You claim your offense should not be scored as greatest severity.

Your presentence report (PSR) indicates, after you grabbed a woman's wallet, you were chased and apprehended by an off duty police officer. You struggled with the officer and grabbed his service weapon, and a bystander removed your hands from the weapon. Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, indicates the offense severity score is to be based on the most severe documented instant offense behavior, grabbing the officer's weapon during a struggle is greatest severity behavior. Therefore, your offense is properly scored as greatest severity.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

JUN 2 2 2005
_____
Date

K. M. White
Regional Director
Mid-Atlantic Region

U.S. Department of Justice
Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Watts           Andre    S__          __13799083__       __J__        __USP Lee County__
      LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.           UNIT             INSTITUTION

## Part A - REASON FOR APPEAL

The grievant still asserts that his security score is incorrect based on the reading of Appx. B P.S. 5100.07. The response in the BP-9 is painted to gloss the verbose of greatest severity. Although the PSI and other information describes the method of pickpocket. It is apparent that the choice of the word "took" suggest force and violence; but that only confirms the desire of the arbirator to prevail in sustaining the greatest severity category 7. Hence, the assault is exaggerated and noone suffered injury. To speculate is an unfair assessment and carries no weight to corroborate what the outcome of the incident would have been; but particularly when it is falsified that grievant attempted to take the officer service revolver. Moreover, the court dismiss the allegations gibberish. See court transcript attached. Therefore grievant beleives he has prevailed based on the facts and evidence predicated on Appx. B of 5100.07 to change his security score forthwith and order transfer to a facility that house inmates with low security scores inasmuch grievant security score is low for one because he has less than 10 years remaining on his sentence and that the misinterpretation by the arbitrator of Appx. B.

__May 31, 2005__                                   __Andre S. Watts__
   DATE                                    SIGNATURE OF REQUESTER

## Part B - RESPONSE

```
RECEIVED
JUN 6 2005
BUREAU OF PRISONS
MARO REGIONAL COUNSEL
```

_____                              _____
    DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Part C - RECEIPT

CASE NUMBER: __377233-R1__

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

_____                              _____
    DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                        BP-230(13)
                                                               JUNE 2002

Admin. Rem. #: 377233-F1

## REQUEST FOR ADMINISTRATIVE REMEDY
### Part B - Response

This is in response to your Request for Administrative Remedy receipted May 24, 2005, in which you state your custody classification is incorrectly scored due the fact the severity of your instant offense is not greatest. As relief, you request this issue be remedied and a correction made.

An investigation of your request reveals your custody classification form is scored correctly with greatest severity. Your Pre-sentence Investigation (PSI) indicates you were charged with Assaulting and Resist/Interfere with a Police Officer. After you took the wallet out of the woman's purse, you fled the scene when she turned around and saw you take her wallet. When the second witness in your case caught you, you struggled with him and tried to pull his service revolver in an attempt to use it. This is scored as greatest severity. Appendix B of the Custody Classification Manual reflects Assault as "Serious bodily injury intended or permanent or life threatening bodily injury resulting." Your attempt to get the service revolver from the Officer could have inflicted serious bodily injury.

Your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Regional Office, 10010 Junction Drive, Suite-N, Annapolis Junction, Maryland 20701. Your appeal must be received in the Regional Office within 20 calendar date of the date of this response.

_____        _5/27/05_____
B. A. Bledsoe, Warden                  Date

| U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|
| Federal Bureau of Prisons | |

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Watts      Andre     S          13799083          J          USP Lee County
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT          INSTITUTION

### Part A- INMATE REQUEST

Grievant still contends that his security score is incorrect because his offenses are not those matching the criteria under Greatest Severity, Category 7. The CMC and Unit Team objects to ascertaining the court records and my presentence investigation report to determine whether my protest is correct or incorrect. The CMC is aware of Unit Manager Ms. Chambers indorsed of former inmate Leonardo Zanders charged of Robbery being change into a theft category because the method of operation during the perpetration of the crime, which is simply "pickpocket". In fact, Congress has consider this character of Robbery is not viewed as a robbery that consist of force, violence, threat or injury thereof. See example in United States v Mathis, 963 F.2d 399(D.C. Cir. 1992). Therefore, decision to object to changing grievant security level is being arbitrary, capricous and abuse of disrectionarily denied. Grievant is bewildered at the dereliction by the CMC and Unit Team in **defecting** reluctancy to resolve this error, wherein all is neccessary is that they review any and all court records and the presentence investigation report; not to mention the outcome of former inmate Leonardo Zanders preceding protest.

May 14, 2005
DATE                                           SIGNATURE OF REQUESTER

### Part B- RESPONSE

_____     _____
           DATE                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                    CASE NUMBER: 377233-F1
-------------------------------------------------------------------
                                                 CASE NUMBER: 377233-F1

Part C- RECEIPT

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT          INSTITUTION

SUBJECT: _____

_____     _____
           DATE                         RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                    BP-229(13)
                                                                           APRIL 1982

RECEIVED MAY 24 2005