Exhibit 8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 06-1955 (RJL) |
| | ) ECF |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

### MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Respondent, the Federal Bureau of Prisons ("BOP"), through and by undersigned counsel, hereby submits this Motion to Dismiss or in the Alternative for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative Fed. R. Civ. P. 56, on the grounds that Petitioner failed to exhaust his administrative remedies and that no genuine issue of material fact exists. Additionally, because other remedies are available to Petitioner, mandamus is not the appropriate remedy. Therefore, Respondent is entitled to judgment as a matter of law.

In the alternative, Respondent respectfully requests this Court to stay these proceedings pending Petitioner's payment of the full filing fee because Petitioner has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, Petitioner is not entitled to *in forma pauperis* status under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.[1]

---

[1] Because the "three strikes" provision affects the Petitioner's ability to bring the suit, this motion is intended only to revoke Petitioner's *in forma pauperis* status and is not intended as a motion pursuant to Fed. R. Civ. P. 12. Therefore, the United States respectfully reserves any and all defenses available under Rule 12, other than the one set forth herein.

Petitioner should take notice that any factual assertions contained in the affidavits and
other attachments in support of Respondent's motion will be accepted by the Court as true unless
the Petitioner submits his own affidavits or other documentary evidence contradicting the
assertions in the Respondent's attachments.  *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992),
Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

In support of this motion, Respondent respectfully refers the Court to the accompanying
Memorandum of Points and Authorities in Support and accompanying Statement of Material
Facts Not In Dispute.  A proposed Order consistent with this Motion is attached hereto.

2

Dated January 19, 2007.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 06-1955 (RJL) |
| | ) ECF |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

### STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR 7(h), Respondent hereby submits the following statement.

1.      Petitioner, is currently incarcerated at the United States Penitentiary, Lee County, Virginia ("USP Lee Count") and has filed at least 54 other suits in various federal courts.  *See* Compl. and Respondent's Exhibit A, PACER Case Index Report.

2.      According to court records, on June 29, 2006, the United States District Court for the Western District of Virginia dismissed Petitioner's civil action number 7:06CV00392 for failing to state a claim upon which relief may be granted.  *See* Def. Exh. B, Memorandum Opinion and Final Order, Civil Action No. 7:06CV00392, United States District Court for the Western District of Virginia.

3.      On May 31, 2006, Petitioner's civil action number 7:06CV00334 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  *See* Def. Exh. C, Memorandum Opinion and Final Order, Civil Action No. 7:06CV00334, United States District Court for the Western District of Virginia.

4.      On May 12, 2006, the United States District Court for the Western District of Virginia dismissed Petitioner's civil action number 7:06CV00291 for failing to state a claim upon which relief may be granted.  *See* Def. Exh. D, Memorandum Opinion and Final Order, Civil Action

1

No. 7:06CV00291, United States District Court for the Western District of Virginia.

5. On January 31, 2006, Petitioner's civil action number 7:05CV00601 was dismissed for failing to state a claim upon which relief may be granted. *See* Def. Exh. E, Memorandum and Final Order, Civil Action No. 7:05-CV-00601, United States District Court for the Western District of Virginia.

6. On May 6, 2005, Petitioner's civil action number 7:05-CV-00258 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. *See* Def. Exh. F, Memorandum Opinion and Final Order, Civil Action No. 7:05-CV-00258, United States District Court for the Western District of Virginia.

7. On December 16, 2004, Petitioner's civil action number 7:04-CV-00740 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. *See* Def. Exh. G, Memorandum Opinion and Final Order, Civil Action No. 7:04-CV-00740, United States District Court for the Western District of Virginia.

8. On July 29, 2002, Petitioner's civil action number 1:02-CV-00861 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. *See* Def. Exh. H, Docket Entry 4, Civil Action No. 1:02-CV-00861, United States District Court for the Eastern District of Virginia.

9. On April 15, 2002, Petitioner's civil action number 1:02-CV-00432 was dismissed pursuant to 28 U.S.C. § 1951A(b)(1) for failure to state a claim. *See* Def. Exh. I, Docket Entry 3, Civil Action No. 1:02-CV-00432, United States District Court for the Eastern District of Virginia.

10. Via letter dated July 27, 2006, Petitioner requested certain information, pursuant to the

Freedom of Information Act ("FOIA"). *See* Compl. p.1, and Def. Exh. N, Petitioner's Request.

11.     Respondent responded by letter dated September 15, 2006. In the letter, BOP advised

Petitioner to either reformulate his request or provide an advance payment. *See* Exhibit attached

to Compl.

12.     Petitioner did not reformulate his request, provide an advance payment or appeal BOP's

decision. *See* Decl. Of Lara Crane, Exh. O, ¶ 6.

<div style="margin-left:40%">

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

</div>

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 06-1955 (RJL) |
| | ) ECF |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO STAY PROCEEDINGS

### Statement of the Case

Petitioner, Andre Sylvester Watts, is currently incarcerated at the United States Penitentiary, Lee County, Virginia ("USP Lee County"), located in the geographical jurisdiction of the Western District of Virginia.  Petitioner brings this mandamus action *pro se* against the Federal Bureau of Prisons ("BOP") pursuant to 28 U.S.C. § 1361, seeking to compel the BOP to respond to his Freedom of Information Act ("FOIA") request.  *See* Compl.

Petitioner is a serial filer of complaints, having filed over 54 suits in various federal courts.  *See* Respondent's Exhibit A, PACER Case Index Report.  Of these suits, at least eight of his civil suits have been dismissed such that they count as strikes under the PLRA.  A brief description of the eight dismissed cases is outlined in Respondent's Statement of Material Facts, paragraphs 2-9.

The instant action is based on Petitioner's FOIA request dated July 27, 2006 ("July 2006 Letter").  See Exh. N.  In his July 2006 Letter Petitioner requested any and all information submitted to the U.S. Parole Commission regarding the Petitioner; information regarding an

1

incident report dated July 23, 2006; any and all grievances filed against Case Manager Willis and

any and all psychological referrals by Unit Manager Myers, Case Managers or any other

Executive or Administrative Personnel at USP Lee County to the psychology department.  *Id*.

Respondent responded by letter dated September 15, 2006.  *See* Exhibit attached to Compl.  In

the letter, BOP advised Petitioner to either reformulate his request or provide an advance

payment.  *Id*.  Petitioner did not reformulate his request, provide an advance payment or appeal

BOP's decision.  *See* Crane Decl. , Exh. O ¶ 6.

Respondent therefore moves to dismiss the instant Complaint for failure to state a claim

upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary

judgment, *see* Fed. R. Civ. P. 56(c).

## Standard of Review

### I.  Motion to Dismiss

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court

must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause

of action.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Court must accept all well-pleaded

facts as true.  *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

"However, the court need not accept inferences drawn by plaintiffs if such inferences are

unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions

cast in the form of factual allegations."  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271,

1276 (D.C. Cir. 1994).  If, after reviewing the complaint, the Court finds "the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief," the Court must dismiss

the complaint.  *Conley*, 355 U.S. 45-46. Generally Speaking, the Court should not consider

2

matters beyond the pleadings without converting the motion for summary judgment.  *See* Fed. R. Civ. P. 12(b)(6).

Nonetheless, there are important exceptions to this general principle.  The Court may properly take judicial notice of court records without converting a motion to dismiss into a motion for summary judgment.  *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)("in determining whether a complaint fails to state a claim, the court may. . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); *Himmelman v. MCI Communications*, 104 F. Supp. 2d 1, 3 (D.D.C. 2000)("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.")

## II. <u>Summary Judgment</u>

Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  *Id*. at 247.  "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case."  *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment here, the Petitioner (as the non-moving party) must present some objective

3

evidence that would enable the Court to find he is entitled to relief.  In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.  477 U.S. 317, 322-23 (1986).  In *Anderson* the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff."  *Anderson, 477 U.S. at 252; see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir.  1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  *See Cappabianca v. Commissioner, U.S. Customs Serv.*, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.  *Students Against Genocide v. Dept. of State*, 257

4

F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. *Hayden v. NSA*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980); *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). *See also McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983), *modified on other grounds,* 711 F.3d 1076 (D.C. Cir. 1983); *Citizens Commission on Human Rights v. FDA,* 45 F.3d 1325, 1329 (9th Cir. 1995); *Bowen v. FDA*, 925 F.2d 1225, 1227 (9th Cir. 1991); *Public Citizen, Inc. v. Dept. of State*, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), *aff'd in part, rev'd in part*, 276 F.3d 634 (D.C. Cir. 2002).

<u>Legal Argument</u>

**I. <u>Petitioner Failed to Exhaust His Administrative Remedies</u>.**

For Freedom of Information Act causes of action, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to

support its decision." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)(citing *McKart v. U.S.*, 395 U.S. 185, 194 (1969)). "[A]s a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' supports such a bar." *Oglesby*, 920 F.2d at 61. Thus, the administrative scheme supports exhaustion.

Moreover, permitting Petitioner to pursue this action without the benefit of completing the administrative procedures, in place, "would undercut 'the purpose of exhaustion, namely, "preventing premature interference with agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [or] compil[ing] a record which is adequate for judicial review." *Hidalgo v. Federal Bureau of Investigation*, 344 F.3d 1256 (D.C. Cir. 2003)(quoting *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993)).

Here, Petitioner filed his mandamus action without first completing the administrative process. In his July 2006 Letter Petitioner requested (1) information submitted to the U.S. Parole Commission regarding the Petitioner; (2) any and all information regarding an incident report dated July 23, 2006; (3) any and all grievances filed against Case Manager Willis and (4) any and all psychological referrals by Unit Manager Myers, Case Managers or any other Executive or Administrative Personnel at USP Lee County to the psychology department. *See* Exh. N and Exh. attached to Compl.

BOP determined that the "data [Petitioner] request[ed] [wa]s not maintained in such a way that it [could] easily be retrieved," rendering Petitioner's request unreasonably burdensome. *See American Federation of Gov't Employees v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990), and Exh. attached to Compl. Accordingly, BOP advised that Petitioner should

6

reformulate his request or provide advance payment of the estimated fee. *Id.* at 1-2. He utterly failed to reply or take advantage of the opportunities afforded him. *See* Crane Decl. ¶ 6, Exh. O.[2] Had he simply narrowed his request, or attempted to make an advanced payment, there would be no need to burden the Court's limited resources now. As Petitioner failed to complete the administrative process and has failed to provide any reason why he should be excused from the exhaustion requirement, this action should be dismissed.

## II. **Petitioner Has Failed To Meet His Burden for a Writ of Mandamus.**

Petitioner requests that this Court issue a writ of mandamus ordering BOP to release certain documents regarding an incident that occurred at USP Lee County in the summer of 2006 and events that followed. The Mandamus Act, provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Mandamus is considered "an extraordinary remedy to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *Cobell v. Norton*, 334 F.3d 1128, 1137 (D.C. Cir. 2003) (*quoting Gulfstream*); *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (mandamus is appropriate only where the

---

[2] Because the determination was not a final agency decision Respondent's September 15, 2006 response did not advise Petitioner of any appeal rights. However, Petitioner is well versed in the FOIA procedures, having filed eight FOIA requests since 2005. *See* Def. Exh. J, FOIA Report. At least three of Petitioner's previous requests have advised Petitioner of a filer's appeal rights and the procedures to follow to file an appeal. *See* Def. Exh. K, October 14, 2005 response letter to FOIA Request No. 2005-08621; Def. Exh. L, April 7, 2006 response letter to FOIA Request No. 2006-03865; Def. Exh. M, September 12, 2006 response letter to FOIA Request No. 2006-09401. Here, even assuming *arguendo* that Petitioner believed BOP's determination to be incorrect, he did not attempt to take his concerns any further.

circumstances are "extraordinary" and "only in the clearest and most compelling of cases.");

*Jarecki v. United States*, 590 F.2d 670, 674 (7ᵗʰ Cir. 1979), *reh'g. and reh'g. en banc denied*

(1979)*, cert. denied*, 444 U.S. 829 (1979); *Haneke v. Secretary of Health, Education and*

*Welfare*, 535 F.2d 1291, 1296 (D.C. Cir. 1976).

In *Jones v. Alexander*, 609 F.2d 778 (5ᵗʰ Cir. 1980), *cert. denied*, 449 U.S. 832 (1980),

the Fifth Circuit stated that "Three elements must exist before mandamus can issue:  (1) the

plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and

(3) no other adequate remedy must be available."  *Id*. at 781.  Other courts have applied these, or

substantially similar, elements.  The D.C. Circuit has stated that a plaintiff must establish that his

or her "right to relief is 'clear and indisputable,' and there is 'no other adequate means' by which

the petitioner may attain the relief it seeks."  *Cobell*, 334 F.3d at 1137; *In re Sealed Case*, 151

F.3d 1059, 1063 (D.C. Cir. 1998); *In re Kessler*, 100 F.3d 1015, 1016 (D.C. Cir. 1997).

Accordingly, where the complaint seeks actions that may be remedied by other means,

mandamus is not the appropriate remedy.  *See, e.g.*, *Heckler v. Ringer*, 466 U.S. 602, 616 (1984);

(mandamus is "intended to provide a remedy for a plaintiff only if he has exhausted all other

avenues of relief . . ."); *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976); *Cobell*,

334 F.3d at 1138 ("[Petitioner] has not shown that an appeal from the district court's eventual

entry of an injunction, if and when that occurs, would not provide it with adequate relief.");

*Stephens v. Dep't. of Health & Human Services,* 901 F.2d 1571,1576 (11ᵗʰ Cir. 1990) ("The

CSRA provides adequate remedial mechanisms."); *Wilder*, 846 F.2d at 621 ("[Petitioner] did not

face an inadequacy of remedy if he had timely pursued his appeal to the [MSPB]."); *Chaplaincy*

*of Full Gospel Churches v. Johnson*, 276 F.Supp.2d 82, 84 (D.D.C. 2003) ("[T]he ongoing

litigation in this court constitutes an alternative 'adequate remedy.'") (internal citation omitted).

Because the Petitioner here has not exhausted his administrative remedies, the matter could potentially be addressed at the agency level and he is not entitled to petition this Court for mandamus regarding his FOIA request in question. Thus, Petitioner cannot meet his burden of showing that there is no other adequate remedy available to him and his Complaint should be dismissed.

### III.  Petitioner is not Entitled to *in Forma Pauperis* Status.

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA.  *See Chandler v. D.C. Dept. Of Corrections*, 145 F. 3d 1355, 1357 (D.C. Cir. 1998).  The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments.  *See* 28 U.S.C. § 1915(g); *Chandler*, 145 F.3d at 1357.  However, absent imminent danger[3] of serious physical harm, an inmate may not proceed *in forma pauperis* if the inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes" provision).  *See* 28 U.S.C. § 1915(g); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d at 1357.  If an inmate is denied *in forma*

---

[3] An inmate faces "imminent danger" when a "threat or prison condition is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Imminent danger is measured at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is made.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-314 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

9

*pauperis* status and fails to pay the full filing fee, the case should be dismissed. *See Smith*, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g). *See Ibrahim*, 208 F.3d at 1036. Additionally, dismissals for failure to exhaust administrative remedies have been held to count as strikes under § 1915(g) since such dismissals are "tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003)(dismissal for failure to exhaust may count as a strike for purposes of § 1915(g)); *but see Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)(dismissal for failure to exhaust is not a strike).

Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike. *See* 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th cir. 1996). However, properly filed habeas petitions normally are not considered strikes under the PLRA. *See Blair-Bey v. Quick*, 151F.3d 1036, 1040-42 (D.C. Cir. 1998).

In the present case, this Court granted Petitioner's motion to proceed *in forma pauperis* on October 10, 2006. *See* Docket No. 5. There are, however, at least three prior cases filed by Petitioner that were dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.*, Def. Exh. B-I. In fact, as set forth above, Petitioner is a serial filer having filed over 65 suits in various federal courts. *See* Def. Exh. A, PACER Case Index Report. Of these suits, at least 7 have been dismissed such that they count as strikes under the PLRA. *See* Def. Exh. B through I.

10

While § 1915(g) contains a safety valve for actions involving imminent danger of serious harm, the present action does not qualify for the safety valve. *See* 28 U.S.C. § 1915(g). Petitioner seeks the release of information submitted by the Bureau of Prisons to the U.S. Parole Commission, information related to a discipline report dated July 23, 2006, and copies of grievances filed against a particular staff member and any referrals by staff to the Psychology Department at USP Lee County. *See e.g.*, Compl. and Attachments. Therefore, because this is not a case that involves the imminent danger of serious harm, the Court should revoke Petitioner's *in forma pauperis* status, require Petitioner to pay the full filing fee, stay this action pending Petitioner's payment of the full filing fee, and dismiss this action if he fails to pay.

## Conclusion

For all the foregoing reasons, Petitioner's claim should be dismissed for failure to exhaust his administrative remedies. Alternatively, because Petitioner has filed three or more suits that were dismissed as frivolous, malicious or for failure to state a claim, the Court should revoke Petitioner's *in forma pauperis* status, require Petitioner to pay the full filing fee, stay this action pending Petitioner's payment of the full filing fee, and dismiss this action if he fails to pay.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C. 20530
(202) 305-4851

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2007, I caused the foregoing Reply in Support of Motion to for Summary Judgment to be served on Petitioner, postage prepaid, addressed as follows:

**ANDRE SYLVESTER WATTS**
R13799-083
Lee County United States
Penitentiary
P.O. Box 305
Jonesville, VA 24263-0305

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Washington, D.C.  20530
(202) 305-4851

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANDREW SYLVESTER WATTS,    )
            )
        Petitioner,      )
            )
    v.             )     Civil Action No. 06-1955 (RJL)
            )    (ECF)
FEDERAL BUREAU OF PRISONS,    )
            )
        Respondent.    )
_____  )

## <u>ORDER</u>

UPON CONSIDERATION OF Respondent's Motion to Dismiss or in the Alternative for Summary Judgment and the entire record herein, it is this _____ day of _____, 2007,

      **ORDERED** that Respondent's Motion is **GRANTED**; and it is

      **FURTHER ORDERED** that Petitioner's Complaint is Dismissed with Prejudice.

                        _____
                        UNITED STATES DISTRICT JUDGE

1