EXHIBITS 1

# FEDERAL CORRECTIONAL INSTITUTIONAL GILMER
## GLENVILLE, WV

### IDLE, CONVALESCENT AND CHANGE IN WORK CLASSIFICATION STATUS

TO: ALL CONCERNED    UNIT: B-2 212    DATE: 11/3/03

INMATE'S NAME: Wally Angle    DETAIL: Transplanned PM    REG. NO.: 12799 - 083

**MEDICAL CLASSIFICATION STATUS: (Check one)**

( ) IDLE: _____    THRU 12 MIDNIGHT _____, 20____

( ) CONVALESCENT: _____    THRU 12 MIDNIGHT _____, 20____

(X) RESTRICTED DUTY: No lifting, running ___    THRU 12 MIDNIGHT _____, 20____
or lieting greater than 2woo,

( ) OTHER: _____

_____
**Physician or Physician Assistant**

**IDLE STATUS** - Temporary disability not to exceed three days duration. Restricted to room except for meals, religious services, sick call.
**No recreation activity.**
**CONVALESCENT STATUS** - Recovery period for operation, injury, or serious illness.   Full institutional privileges and limited recreational
privileges, subject only to medical limitation.
**RESTRICTED DUTY** - Restricted from work around machinery, heights, heavy lifting, sports activites, etc., because of physical or mental
handicap.  List handicap, limitation and time period.

Distribution: Medical Records, Medical Records Staff, Unit Officer, Inmate, Control Center.

LVN-20-F

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

PROGRESS REPORT - PAGE 2

Committed <u>Name</u>: <u>WATTS, Andre</u>      Reg. No. <u>13799-083</u>    Date: <u>January 23, 2004</u>

16. **Institutional Adjustment:** Inmate Watts' institutional adjustment is considered Poor. Since his initial designation at FCI Edgefield, South Carolina, on June 20, 2002, he has received one incident report, and is currently in Financial Responsibility Refusal status.

A.   **Program Plan** - Inmate Watts was redesignated at FCI Gilmer, West Virginia, on September 05, 2003. At that meeting, and at previous program reviews, his unit team recommended he participate in the Financial Responsibility Program, maintain clear conduct, receive good work performance ratings, enroll in GED class, and enroll in an educational program of choice. He has made minimal progress towards the completing of these recommendations.

B.   **Work Assignments** - Inmate Watts is currently Unassigned. His previous work assignments were CCS PM, Compound A, Landscape, and Ord C2. He receives satisfactory work performance evaluations from his detail supervisor.

C.   **Education/Vocational Participation** - Inmate Watts is currently enrolled in the GED Program. Additionally, he is on the waiting list for Drug Education and Parenting courses.

D.   **Counseling Programs** - Inmate Watts has not completed any counseling programs.

E.   **Incident Reports-**

| DATE | CODE/INCIDENT | COMMITTEE/ACTION: |
|------|---------------|-------------------|
| 12-24-2003 | 201/Fighting With Another Person | DHO/30 days DS (CS), Transfer |

F.   **Institutional Movement** - Inmate Watts was initially designated to FCI Edgefield, South Carolina, on April 29, 2002. He was transferred to FCI Gilmer, West Virginia, on September 5, 2003. There has been no further institutional movement.

G.   **Physical and Mental Health** - Inmate Watts is classified as regular duty status with no sports or weightlifting, and no lifting over 15 pounds. Additionally, he is cleared for food service work. Upon his release inmate Watts should be considered fully-employable.

H.   **Progress on Financial Responsibility Plan** - The Sentencing Court in the Superior Court of the District of Columbia imposed a $500.00 court cost against Mr. Watts. He is currently in Financial Responsibility Refusal status. There were no Fines or Restitution levied in this case.

17.   **Release Planning:** Inmate Watts wishes to reside with his uncle, Alonso Warren, in the Washington, D.C. area.

A.   **Residence** - Alonso Warren, Uncle
               4860 Fort Toten Drive
               Washington, D.C. 20011
               (202) 832-8914

B.   **Employment** - To be obtained.

EXHIBITS 2

```
LEEC8                *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    04-28-2006
PAGE 021             *              SANITIZED FORMAT               *    18:47:44
REMEDY-ID      SUBJ1/SUBJ2  -------------------ABSTRACT------------------------
               RCV-OFC      RCV-FACL      DATE-RCV         STATUS    STATUS-DATE

329234-A1      33FM/        CLMS STF WITHHELD/MISDIRECTED LEGAL MAIL
               BOP          LEE           03-23-2004       REJ        03-23-2004

334898-R1      15AM/        BOP DOESN'T HAVE AUTHORITY
               MXR          LEE           05-19-2004       REJ        05-19-2004

353391-R1      15AM/25FM    TAKING MONEY OUT OF ACCOUNT WHEN LESS THAN $10
               MXR          LEE           09-24-2004       REJ        09-24-2004

355321-F1      25FM/        WANTS FUNDS RETURNED AFTER FILING COURT COSTS.
               LEE          LEE           10-19-2004       CLD        10-25-2004

353391-A1      15AM/25FM    TAKING MONEY OUT OF ACCOUNT WHEN LESS THAN $10
               BOP          LEE           11-10-2004       REJ        12-13-2004

363702-F1      26BM/        IS CLAIMING INADEQUATE TREATMENT FOR SCABIES.
               LEE          LEE           01-10-2005       CLD        01-13-2005

G0002          MORE PAGES TO FOLLOW . . .
```

Case 1:06-cv-00777-RJL    Document 22-2    Filed 07/31/2007    Page 6 of 48

```
LEEC8              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL  *     04-28-2006
PAGE 022           *           SANITIZED FORMAT                  *       18:47:44
REMEDY-ID     SUBJ1/SUBJ2  -------------------ABSTRACT-------------------------
              RCV-OFC      RCV-FACL      DATE-RCV        STATUS    STATUS-DATE
```

| REMEDY-ID | SUBJ1/SUBJ2 RCV-OFC | ABSTRACT RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
|---|---|---|---|---|---|
| 365226-R1 | 26BM/ MXR | SCABIES NOT TREATED PROPERLY LEE | 01-24-2005 | REJ | 01-24-2005 |
| 363702-R1 | 26BM/ MXR | IS CLAIMING INADEQUATE TREATMENT FOR SCABIES. LEE | 01-24-2005 | CLD | 01-31-2005 |
| 366935-F1 | 25GM/ LEE | DOES NOT THINK A COPY CARD SHOULD BE THE ONLY... LEE | 02-11-2005 | CLD | 02-17-2005 |
| 368001-R1 | 33FM/ MXR | MAIL WAS OPENED LEE | 02-17-2005 | REJ | 02-17-2005 |
| 366935-R1 | 25GM/ MXR | CARD SHOULD NOT BE ONLY SOURCE TO PAY FOR COPIES LEE | 03-07-2005 | REJ | 03-07-2005 |
| 368001-A1 | 33FM/ BOP | MAIL WAS OPENED LEE | 03-16-2005 | REJ | 04-18-2005 |

```
G0002       MORE PAGES TO FOLLOW . . .
```

Case 1:06-cv-00777-RJL    Document 22-2    Filed 07/31/2007    Page 7 of 48

```
LEEC8                  *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL    *    04-28-2006
PAGE 023                            SANITIZED FORMAT                              18:47:44
  REMEDY-ID    SUBJ1/SUBJ2   --------------------ABSTRACT-----------------------
               RCV-OFC       RCV-FACL      DATE-RCV        STATUS      STATUS-DATE
```

| REMEDY-ID | SUBJ1/SUBJ2 RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
|---|---|---|---|---|---|
| 363702-A1 | 26BM/ BOP | IS CLAIMING INADEQUATE TREATMENT FOR SCABIES. LEE    03-23-2005 | | CLO | 04-05-2005 |
| 366935-A1 | 25GM/ BOP | CARD SHOULD NOT BE ONLY SOURCE TO PAY FOR COPIES LEE    04-04-2005 | | REJ | 05-05-2005 |
| 372504-R1 | 13BM/ MXR | CATEGORY 7 OFFENSES LEE    04-07-2005 | | REJ | 04-07-2005 |
| 377233-F1 | 13BM/ LEE | CLAIMS CUSTODY CLASSIFICATION IS INCORRECT. LEE    05-24-2005 | | CLD | 05-27-2005 |
| 377233-R1 | 13BM/ MXR | CLAIMS CUSTODY CLASSIFICATION IS INCORRECT. LEE    06-06-2005 | | CLD | 06-22-2005 |
| 377233-A1 | 13BM/ BOP | CLAIMS CUSTODY CLASSIFICATION IS INCORRECT. LEE    07-12-2005 | | CLD | 09-02-2005 |

```
G0002          MORE PAGES TO FOLLOW . . .
```

EXHIBIT 3

| 04/12/2004 | | Completed referral to Mag Judge Walter E. Johnson (cvga) (Entered: 05/05/2004) |
| 04/14/2004 | | Terminated submissions. (jdb) (Entered: 04/14/2004) |
| 04/14/2004 | | (jdb) (Entered: 04/14/2004) |
| 05/07/2004 | | SUBMITTED to Judge Richard W. Story on [2-1] report & recommendation, [1-1] habeas corpus petition (jdb) (Entered: 05/07/2004) |
| 05/17/2004 | 3 | Objections by petitioner to [2-1] report & recommendation (fmm) Modified on 05/19/2004 (Entered: 05/19/2004)    *5 pages* |
| 05/19/2004 | 4 | ORDER by Judge Richard W. Story ADOPTING [2-1] report & recommendation as the order of this court. Accordingly, the Petition for Writ of HC is hereby DISMISSED, WITHOUT PREJUDICE. (cc) (jdb) Modified on 05/19/2004 (Entered: 05/19/2004)    *1 page* |
| 05/19/2004 | | Case terminated. (jdb) (Entered: 05/19/2004) |
| 05/19/2004 | | (jdb) (Entered: 05/19/2004) |
| 05/19/2004 | 5 | JUDGMENT ENTERED dismissing case without prejudice. (cc) (jdb) Modified on 05/19/2004 (Entered: 05/19/2004)    *1 page* |
| 06/07/2004 | 6 | MOTION by petitioner to stay [4-1] order . (kt) (Entered: 06/09/2004)    *3 pages* |
| 07/02/2004 | | SUBMITTED to Judge Richard W. Story on [6-1] motion to stay [4-1] order (FILE IN CHAMBERS) (epm) (Entered: 07/02/2004) |
| 07/02/2004 | | ***Submission of 6 Motion to Stay [4-1] Order, to District Judge Richard W. Story. (FILE IN CHAMBERS) (epm) (Entered: 07/14/2004) |
| 07/20/2004 | 7 | ORDER denying 3 motion to vacate and denying 6 Motion to Stay . Signed by Judge Richard W. Story on 7/20/04. (fmm) (Entered: 07/27/2004)    *3 pages* |
| 07/20/2004 | | ***Submission Terminated (fmm) (Entered: 07/27/2004) |
| 08/05/2004 | | Mail Returned as Undeliverable. Mail of 7 Order on Motion to Stay sent to Andre Sylvester Watts (epm) (Entered: 08/12/2004) |
| 10/27/2004 | 8 | Sent updated Docket Sheet per petitioner's letter request; also, updated petitioner's address. (epm) (Entered: 10/28/2004) |
| 01/07/2005 | | Letter received from Andre Watts re: USDC mail returned for not being properly marked. (epm) (Entered: 02/04/2005) |

0months, CLOSED, WEJ

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:04-cv-00653-RWS
## Internal Use Only

Watts v. Wiley
Assigned to: Judge Richard W. Story
Demand: $0
Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)

Date Filed: 03/08/2004
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Andre Sylvester Watts**

represented by **Andre Sylvester Watts**
13799083
U.S.P., Lee County
P.O. Box 150160
P. O. Box 305
Jonesville, VA 24263-0305
PRO SE

V.

**Respondent**

**Warden Wiley**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/08/2004 | 1 | PETITION FOR WRIT OF HABEAS CORPUS (vs) Modified on 03/11/2004 (Entered: 03/11/2004)   *4 pages* |
| 03/08/2004 | | CASE REFERRED to Mag Judge Walter E. Johnson (Calendar sheets forwarded) (vs) (Entered: 03/11/2004) |
| 03/16/2004 | | SUBMITTED to Mag Judge Walter E. Johnson on [1-1] habeas corpus petition for ifp and frivolity determination (vs) Modified on 03/16/2004 (Entered: 03/16/2004) |
| 04/12/2004 | 2 | FINAL REPORT AND RECOMMENDATION by Mag Judge Walter E. Johnson RECOMMENDING DISMISSING [1-1] habeas corpus petition without prejudice and it is ORDERED that, for the purpose of dismissal only, Pet is GRANTED leave to file this action in forma pauperis with order for service ( Submission of RR due 4/29/04 ) (cc) (jdb) (Entered: 04/14/2004)   *7 pages* |



UNITED STATES POSTAL INSPECTION SERVICE

WASHINGTON DIVISION

October 2, 2006

Mr. Andre Sylvester Watts, 13799083
United States Penitentiary - Lee
PO Box 305
Jonesville, VA 24263-0305

Dear Mr. Watts:

This is in response to your letter regarding the handling of your mail at the US Penitentiary – Lee.

The Postal Inspection Service has authority to investigate violations of law relating to the mails, which include the unlawful opening, delaying or otherwise interfering with mail. However, there are specific regulations that apply to prison mail, and prison officials' authority to open mail of inmates. The following may give you a better understanding of regulations that apply to your mail.

OUTGOING MAIL (Letters and Parcels Sent by Inmates)

Prisoner correspondence is not "mail" until it is deposited into the custody of the Postal Service. Institutional authorities operate your prison mailroom; consequently, the letters and packages you deposit with that unit do not become "mail" until the items are accepted by the local post office.

INCOMING MAIL (Mail Addressed to Inmates)

Section DO42.5.1 of the Domestic Mail Manual reads:

>"Mail addressed to a patient or inmate at an institution is
>delivered to the institution authorities. If the addressee is
>no longer at that address, the mail must be redirected to the
>current address, if known, or endorsed appropriately and
>returned by the institution to the post office."

Section 274.96 of the Administrative Support Manual reads:

>"Authorized personnel of prisons, jails or other correctional
>institutions, under rules and regulations promulgated by the
>institution, may open, examine, and censor mail sent from or
>addressed to, an inmate of the institution. An inmate may

RICHMOND DOMICILE
P. O. BOX 25009
RICHMOND, VA 23260-5009
TELEPHONE: 804-418-6100
FAX: 804-418-6150

> designate in writing an agent outside the institution to receive
> his or her mail, either through an authorized address of the agent,
> if the mail is so addressed, or at the delivery post office serving
> the institution, if the mail is addressed to the inmate at the institution"

The Postal Service fulfills its obligation when it effects delivery to institutional authorities. Records of delivery are kept only for Registered, Certified, Numbered Insured or COD mail. You can report the loss of any mail (accountable or ordinary) by initiating a Form 1510, Mail Non-Delivery Report. These forms should be available at your prison mailroom; however, if they are not, the prison authorities can obtain blank forms from the local post office.

As noted above, our obligation for delivery ends with the proper delivery to the institution. Any subsequent handling falls under the purview of the Federal Bureau of Prisons or the Virginia Department of Corrections, whose addresses are:

U.S. Department of Justice
Federal Bureau of Prisons
Mid-Atlantic Regional Office
Junction Business Park
10010 Junction Drive
Suite 100-N
Annapolis, MD 20704

Director
Virginia Department of Corrections
P. O. Box 26963
Richmond, VA 23261-6963

Consequently, if you believe your mail is being mishandled by prison officials, I suggest you pursue this matter administratively through the Department of Corrections.

Sincerely,

S.F. Hadra
Postal Inspector

cc:     Warden
        United States Penitentiary - Lee
        PO Box 305
        Jonesville, VA 24263-0305

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ANDREA SYLVESTER WATTS,
                    Plaintiff,

vs.

WILEY, WARDEN

                    Defendant.

CIVIL ACTION FILE

NO. 1: 04-cv-653-RWS

## ·J U D G M E N T

This Petition for Writ of Habeas Corpus having come before the court, Honorable

Richard W. Story, United States District Judge, for consideration of the Magistrate Judge's

Report and Recommendation, and the Court having adopted said recommendation as the

Order of this Court, it is

**Ordered and Adjudged** that the petition be **DISMISSED WITHOUT PREJUDICE.**

Dated at Atlanta, Georgia, this 19th day of May, 2004.

LUTHER D. THOMAS
CLERK OF COURT

By:    _Jessica Birla_
       Jessica Birnbaum, Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
May 19, 2004
Luther D. Thomas
Clerk of Court

By: _Jessica Birla_
      Deputy Clerk

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

MAY 1 9 2004

LUTHER D.
By: _____ Clerk
         Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ANDREA SYLVESTER WATTS,          :
                                 :
        Petitioner,              :
                                 :
    v.                           :        CIVIL ACTION NO.
                                 :        1:04-CV-0653-RWS
WILEY, Warden,                   :
                                 :
        Respondent.              :

## ORDER

This case is before the Court for consideration of the Report and Recommendation [2-1] of Magistrate Judge Walter E. Johnson. After reviewing the Report and Recommendation, it is received with approval and adopted as the Opinion and Order of this Court. Accordingly, the Petition for Writ of Habeas Corpus [1-1] is hereby **DISMISSED, WITHOUT PREJUDICE.**

SO ORDERED this _18th_ day of May, 2004.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

EXHIBIT 4



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*Federal Correctional Institution - Gilmer*
*Glenville, West Virginia   26351*

**DATE:**   January 22, 2004

**REPLY TO**
**ATTN OF:**   B. A. Bledsoe, Warden

**SUBJECT:**   Request for Redesignation
Disciplinary

**TO:**   K.M. White, Regional Director
Mid-Atlantic Regional Office
Annapolis Junction, Maryland  20701

**ATTN:**   Donald E. Gill
Correctional Services Administrator

1.   <u>INMATE'S NAME AND REGISTER NUMBER:</u>

WATTS, Andre
13799-083

2.   <u>RATIONALE FOR REDESIGNATION:</u>

On December 15, 2003, inmate Watts was found guilty, by the Discipline Hearing Officer (DHO), of Fighting With Another Person/Code 201. As a result, he was sanctioned to Disciplinary Segregation, and a recommendation for Disciplinary Transfer. Specifically, inmate Watts was involved in a physical altercation with another inmate where both inmates had to be separated by responding staff. While in the process of separating the inmates, numerous staff were exposed to blood and body fluids. Inmate Watts received the CIM assignment of Separation due to this incident. Therefore, we are requesting a redesignation for Disciplinary purposes to any appropriate level facility commensurate with his security needs.

K.M. White
Page 2

3.    PROPOSED TRANSFER CODE:

Disciplinary, Code 309

4.    CIM ASSIGNMENT:

He has a CIM assignment of Separation.

5.    RELEASE DESTINATION:

Inmate Watts intends to reside in Washington, D.C. upon release from
custody.

6.    INSTITUTION RECOMMENDED:

U.S.P. Big Sandy, Kentucky, or any other appropriate level facility commensurate with
his security needs.

7.    MODE OF TRANSPORTATION:

Via Prisoner Coordination.

8.    MEDICAL STATUS:

Inmate Watts is assigned to regular duty with medical restrictions of no sports/no
weight lifting, and no lifting over fifteen pounds. He is medically able to be
transferred.

9.    DOES THE INMATE CONCUR WITH THE PROPOSED TRANSFER?

Inmate Watts has been informed of this redesignation request for Disciplinary purposes.

10.    OTHER PERTINENT INFORMATION:

Inmate Watts was sentenced by the Superior Court for the District of Columbia, for a
total term of four to twelve years imprisonment for Robbery, and Assaulting, Resisting
or Interfering with a Police Officer. During this term of confinement, inmate Watts
has incurred one incident report. He is classified as a "High" security level inmate
with "IN" custody.

K.M. White
Page 3

Prepared By:     _____
                 Randy Louk, Case Manager

Reviewed By:     _____
                 David McAdams, Unit Manager

Reviewed By:     _____
                 Gail Sherwood, CMC

Reviewed By:     _____
                 James Beller, Captain

Reviewed By:     _____
                 J.D. Hill, AW(P)



**U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary, Lee County*

P.O. Box 900
Jonesville, Virginia 24263-0900

March 13, 2006

Lisa Floyd
2713 Woodlake Road
Mitchellville, Maryland 20721

RE: WATTS, Andre
    Register Number: 13799-083

Dear Ms. Floyd:

This is in response to your e-mail dated March 3, 2006, to my office.  In your e-mail, you request your brother, Andre Watts, be moved to a Medium or Low-security facility in the Northeast Region.

The Federal Bureau of Prisons recognizes the hardships placed on family members which often result from confinement.  However, factors such as programming needs, population pressures, an inmate's security and supervision needs must be considered.  Additionally, consideration for transfer is contingent upon maintaining positive adjustment, meeting programming expectations, and maintaining strong family ties.

Mr. Watts is a High-security inmate with In custody.  He was transferred to the United States Penitentiary, Lee County, Virginia, a High-security institution, on March 1, 2004, as a result of serious misconduct which involved fighting with another person.  This incident resulted in his need to be in a more secure facility.  Additionally, Mr. Watts was sentenced on May 26, 1999, in the District of Columbia Superior Court, to a 4 to 12-year term of incarceration for Robbery and Assaulting, and Resisting or Interfering with a Police Officer.  According to Program Statement 5100.07, *Security Designation and Custody Classification Manual*, he is appropriately housed in a High-security facility.  Due to these factors, consideration for transfer to a Medium or Low-security facility is not appropriate at this time.

Mr. Watts' Unit Team submitted a transfer referral on his behalf on November 16, 2005, to a facility commensurate with his security needs, which would place him closer to his release residence of Washington, DC.  On January 27, 2006, the Mid-Atlantic Regional Office denied this transfer request due to his recent disciplinary transfer to USP Lee County.  Mr. Watts has been advised of this disposition.

While my answer cannot be more favorable, I trust this information has addressed your concerns.

Sincerely,

Terry O'Brien
Warden



**ELEANOR HOLMES NORTON**
District of Columbia

**COMMITTEE ON
HOMELAND SECURITY**

SUBCOMMITTEES:
EMERGENCY PREPAREDNESS, SCIENCE
AND TECHNOLOGY

PREVENTION OF NUCLEAR AND
BIOLOGICAL ATTACK

**COMMITTEE ON
TRANSPORTATION AND
INFRASTRUCTURE**

SUBCOMMITTEES:
**RANKING MEMBER,** ECONOMIC DEVELOPMENT,
PUBLIC BUILDINGS, AND
EMERGENCY MANAGEMENT

AVIATION

WATER RESOURCES AND
ENVIRONMENT

**COMMITTEE ON
GOVERNMENT REFORM**

SUBCOMMITTEES:
FEDERAL WORKFORCE AND
AGENCY ORGANIZATION

CRIMINAL JUSTICE, DRUG POLICY AND
HUMAN RESOURCES

# Congress of the United States
## House of Representatives
### Washington, D.C. 20515

July 10, 2006

Mr. Andre S. Watts
FED REG #13799-083
USP LEE
PO BOX 305
Jonesville, VA 24263-0305

Dear Mr. Watts:

     The attached letter was received in response to my inquiry on your behalf. I hope the information provided is helpful.

     If I may be of further help on any matter that falls within my federal legislative and administrative jurisdiction, please feel free to get in touch with me.

     Sincerely,

*Eleanor H. Norton*

Eleanor Holmes Norton
Member of Congress

ehn:aw

Enclosure

529 14TH STREET, N.W., SUITE 900
WASHINGTON, D.C. 20045–1928
(202) 783–5065
(202) 783–5211 (FAX)

2136 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, D.C. 20515–5101
(202) 225–8050
(202) 225–3002 (FAX)
(202) 225–7829 (TDD)
www.norton.house.gov
PRINTED ON RECYCLED PAPER

2041 MARTIN L. KING AVENUE, S.E.
SUITE 300
WASHINGTON, D.C. 20020–5734
(202) 678–8900
(202) 678–8844 (FAX)

**U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary, Lee County*

_____

*P.O. Box 900*

*Jonesville, Virginia 24263-0900*

June 22, 2006

The Honorable Eleanor Holmes Norton
U. S. House of Representatives
529 14th Street, N.W., Suite 900
Washington, DC 20045-1928

Attn: Aaron Ward

Re: WATTS, Andre
     Register Number: 13799-083

Dear Congresswoman Norton:

Thank you for your correspondence dated June 7, 2006, concerning
Andre Watts, an inmate confined at the United States Penitentiary
Lee County, Virginia. In his letter, Mr. Watts claims staff, at
this facility, have conspired to prevent him from being
transferred to a Medium or Low-security facility.

Mr. Watts was sentenced on May 26, 1999, in the District of
Columbia Superior Court, to a 4-to-12-year term of incarceration
for Robbery and Assaulting, and Resisting or Interfering with a
Police Officer. On March 1, 2004, he received a disciplinary
transfer from FCI Gilmer, a Medium-security facility, to
USP Lee County. While at FCI Gilmer, Mr. Watts assaulted another
inmate in the dining hall by punching him several times about the
head and face. The inmate retaliated and a fight ensued. After
this incident, his Custody Classification Form was updated and
his security-level increased to High. Mr. Watts' actions
revealed he required more security than could be provided in a
Medium-security facility.

Since his arrival at USP Lee County, Mr. Watts has maintained
clear conduct, received good work reports, and completed the Code
Program. National policy indicates once an inmate is within

WATTS, Andre
Register Number: 13799-083
Page 2

500 miles of their release residence, no further nearer release
transfer request should be made.  In an attempt to place
Mr. Watts closer to his home in Washington, D.C., his Unit Team
requested he be transferred to USP Hazelton to increase the
population (as it was a newly activating facility).  This
transfer was submitted in December 2005.  It was denied in
January 2006 due to USP Hazelton no longer building their inmate
population and because of Mr. Watts' recent disciplinary transfer
to USP Lee County.  Accordingly, he is not appropriate for a
lesser security transfer, as he is a High-security inmate, and is
not appropriate for a nearer release transfer, as he is within
500 miles of his release destination.

A review of Mr. Watts' central file reveals he was arrested for
Bail Reform Act on September 9, 1997, and this charge was
dismissed.  Accordingly, information regarding this arrest was
not included in his transfer request.  Thus, Mr. Watts' claim
false information was included in his transfer request is
unfounded.  Additionally, Mr. Watts claims his completion of the
CODE Program was not included in the transfer request submitted
in December 2005.  A review of this matter reveals Mr. Watts
completed the CODE Program in October 2005.  However, he refused
to complete the recommended aftercare program.  Unit Team
inadvertently did not include this information in the transfer
request.

I trust this information will assist you in responding to your
constituent.  If I can be of further assistance, please do not
hesitate to contact me.

Sincerely,

Terry O'Brien
Warden

**ELEANOR HOLMES NORTON**
DISTRICT OF COLUMBIA

**COMMITTEE ON
HOMELAND SECURITY**

SUBCOMMITTEES:
EMERGENCY PREPAREDNESS, SCIENCE
AND TECHNOLOGY
PREVENTION OF NUCLEAR AND
BIOLOGICAL ATTACK



**Congress of the United States
House of Representatives
Washington, D.C. 20515**

**COMMITTEE ON
TRANSPORTATION AND
INFRASTRUCTURE**

SUBCOMMITTEES:
**RANKING MEMBER,** ECONOMIC DEVELOPMENT,
PUBLIC BUILDINGS, AND
EMERGENCY MANAGEMENT

AVIATION

WATER RESOURCES AND
ENVIRONMENT

**COMMITTEE ON
GOVERNMENT REFORM**

SUBCOMMITTEES:
FEDERAL WORKFORCE AND
AGENCY ORGANIZATION
CRIMINAL JUSTICE, DRUG POLICY AND
HUMAN RESOURCES

August 4, 2006

Mr. Andre S. Watts
FED REG #13799-083
USP LEE
PO BOX 305
Jonesville, VA 24263-0305

Dear Mr. Watts:

The attached letter was received in response to my inquiry on your behalf. I hope the information provided is helpful.

If I may be of further help on any matter that falls within my federal legislative and administrative jurisdiction, please feel free to get in touch with me.

Sincerely,

*Eleanor H Norton*

Eleanor Holmes Norton
Member of Congress

ehn:aw

Enclosure

529 14TH STREET, N.W., SUITE 900
WASHINGTON, D.C. 20045–1928
(202) 783–5065
(202) 783–5211 (FAX)

2136 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, D.C. 20515–5101
(202) 225–8050
(202) 225–3002 (FAX)
(202) 225–7829 (TDD)
www.norton.house.gov

PRINTED ON RECYCLED PAPER

2041 MARTIN L. KING AVENUE, S.E.
SUITE 300
WASHINGTON, D.C. 20020–5734
(202) 678–8900
(202) 678–8844 (FAX)



**U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary, Lee County*

P.O. Box 900
Jonesville, Virginia 24263-0900

July 24, 2006

The Honorable Eleanor Holmes Norton
U. S. House of Representatives
529 14th Street, N.W., Suite 900
Washington, DC 20045-1928

Attn: Aaron Ward

Re: WATTS, Andre
    Register Number: 13799-083

Dear Congresswoman Norton:

Thank you for your correspondence dated July 10, 2006. You pose
questions concerning our June 22, 2006, response concerning Andre
Watts, an inmate confined at the United States Penitentiary Lee
County, Virginia. Specifically, you request information
concerning our procedures for changing an inmate's custody
classification, what information we consider in transferring an
inmate to a less secure facility, and what remedy is available
when information is inadvertently excluded from a transfer
request.

Our procedures for updating an inmate's custody classification
derive from Program Statement (PS) 5100.07, Security Designation
and Custody Classification Manual. Chapter 8, page 1, of this
manual indicates, "an inmate's security level and custody level
shall be reviewed following any new sentence or sentence
reduction, or any time a change in external factors or
disciplinary action might affect the security or custody level."
Otherwise, an inmate's custody and security are updated annually.

When considering an inmate for a Lesser Security transfer, many
factors are considered. These factors are enumerated in PS
5100.07, Chapter 8. An inmate must ordinarily be scored at a
"medium" security level. This level is determined by scoring
different categories concerning an inmate's criminal history and
institutional adjustment. The categories include such factors as

WATTS, Andre
Register Number: 13799-083
Page 2

severity of current offense and criminal history items such as
prior commitments, escapes, violence, precommitment status.  The
process also scores categories such as percentage of time served
on a current sentence, history of drug/alcohol abuse,
mental/psychological stability, types of disciplinary reports,
frequency of disciplinary reports, institutional responsibility,
and family/community ties.  If the inmate does score at a medium
security level, the Unit Team will consider whether there are
factors not represented in the classification system which should
preclude an inmate from a lesser security transfer.  If no
factors exist, the inmate is submitted for a lesser security
transfer.

An exception to this process is when an inmate has been
transferred for disciplinary purposes.  PS 5100.07, Chapter 10,
Page 2, stipulates "Inmates transferred for disciplinary
purposes, under code 309, shall remain at the new institution
(which should be a higher security level) for a period of 36
months with clear conduct prior to redesignation consideration
for nearer release."

If information is inadvertently excluded from a transfer request
and staff believe the information would have had an impact on the
outcome, they will contact the Designator's Office.  In
Mr. Watt's case, while completion of the major portion of the
CODE program was inadvertently excluded, the overriding factor in
the decision not to transfer him was a recent disciplinary
transfer from a less secure facility.

I trust this information will assist you in responding to your
constituent.  If I can be of further assistance, please do not
hesitate to contact me.

Sincerely,

Terry O'Brien
Warden

EXHIBIT 5

```
   LEEC8              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-28-2006
  PAGE 020            *                    SANITIZED FORMAT          *      18:47:44
  REMEDY-ID          SUBJ1/SUBJ2  --------------------ABSTRACT-------------------------
                     RCV-OFC      RCV-FACL       DATE-RCV       STATUS      STATUS-DATE

322898-A1            10ZM/        TRANSFER TO HIGH SECURITY INSTITUTION
                     BOP          GIL            02-09-2004      REJ         02-09-2004

324097-A1            21AM/        UDC APPEAL.  02-02-2004.  CODE 307.
                     BOP          GIL            02-09-2004      REJ         02-09-2004

325573-A1            34AM/13EM    C/O STAFF; FALSE INFO ON PROGRESS REPORT
                     BOP          GIL            02-09-2004      REJ         02-09-2004

323079-A1            33HM/        REMEDIES BEING REJECTED
                     BOP          GIL            02-10-2004      REJ         02-10-2004

325559-A1            34AM/33ZM    CLMS STF DESTROYED WRIT; DEPRIVING HIM ACCESS TO CT
                     BOP          GIL            02-12-2004      REJ         02-12-2004

323896-A1            20DM/        DHO APPEAL, 12-24-2003, CODE 201
                     BOP          GIL            02-17-2004      REJ         02-17-2004

 G0002          MORE PAGES TO FOLLOW . . .
```

```
 LEEC8                  *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-28-2006
 PAGE 018               *              SANITIZED FORMAT               *      18:47:44
 REMEDY-ID       SUBJ1/SUBJ2  --------------------ABSTRACT--------------------
                 RCV-OFC      RCV-FACL      DATE-RCV        STATUS     STATUS-DATE

319348-R1        15BM/        SELECTIVE PROFILING CHAPLAIN
                 MXR            GIL        12-12-2003       REJ        12-12-2003

315708-A1        11BM/34AM    LITERACY PROGRAM CONCERNS, ALLEGES MISCONDUCT
                 BOP            GIL        12-15-2003       REJ        12-15-2003

316904-R1        34AM/        ALLEGES STAFF MISCONDUCT/PREJUDICE
                 MXR            GIL        12-16-2003       CLD        01-07-2004

318517-A1        33ZM/        WANTS TO DRAFT A MOTION
                 BOP            GIL        12-19-2003       REJ        12-19-2003

322862-R1        20DM/        DHO APPEAL
                 MXR            GIL        01-26-2004       REJ        01-26-2004

322898-R1        10ZM/        TRANSFER TO HIGH SECURITY INSTITUTION
                 MXR            GIL        01-26-2004       REJ        01-26-2004

 G0002           MORE PAGES TO FOLLOW . . .
```

EXHIBIT 6

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Criminal Division

UNITED STATES OF AMERICA    )
                            )
        v.                  )        Crim. No. M-13696-97
                            )
ANDRE S. WATTS,             )
  a/k/a Larry Owens         )
_____)

CLERK OF
SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
SPECIAL PROCEEDING BR

2000 FEB -9 P 3: 28

FILED

### ORDER TO EXPUNGE ARREST RECORDS

Upon consideration of the Motion filed in this case subject to determination pursuant to Super. Ct. Crim. R. 118, and the government's lack of opposition thereto, the Court hereby enters the following findings pursuant to Rule 118(f).

Petitioner was arrested on September 9, 1997, for BRA.  The charge was dismissed.  Because the defendant's motion is not opposed by the government, the Court credits defendant's version of the events which lead up to his arrest and finds that his representations establish that there is clear and convincing evidence that the petitioner did not commit the offense for which he was arrested.  Accordingly, it is this _1st_ day of _February_ 2000,

ORDERED, that petitioner's motion for expungement of arrest records filed in this case should be and hereby is GRANTED, and it is

FURTHER ORDERED, that pursuant to Super. Ct. Crim. R. 118(f)(2)(A) and (B), the United States Attorney shall collect from the files of her office, the law enforcement agency responsible for petitioner's arrest and/or the Metropolitan Police Department, and the Federal Bureau of Investigation, all records of the of Columbia

A TRUE COPY
TEST: _____
Clerk, Superior Court of the
By _____
   Deputy Clerk

petitioner's arrest in their central files, including without limitation all photographs, fingerprints, and other identification data, and the United States Attorney shall otherwise comply with the provisions of Rule 118(f)(2)(A) and (B), and it is

FURTHER ORDERED, that the United States Attorney shall file with the Clerk of the Court, within sixty (60) days, all records collected pursuant to this Order together with a certificate that to the best of the United States Attorney's knowledge and belief, no further records exist in the United States Attorney's possession or in the possession of other agencies from which records have been ordered to be collected or those of its disseminees, or that, if such records exist, steps have been taken to retrieve them, and it is

FURTHER ORDERED, that the Clerk of the Superior Court shall take such action as is necessary and required pursuant to Rule 118(f)(2)(B).

JUDGE DORSEY,
SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

Copies to:

Andre S. Watts
DCDC #227205
P.O. Box 25
Lorton, VA 22199

Robert D. Okun
Special Proceedings Section
Judiciary Center, Rm. 11-852
555 4th Street, N.W.
Washington, D.C. 20001

A TRUE COPY
TEST:

Clerk, Superior Court of the
District of Columbia

By
Deputy Clerk

409.051    REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE    CDFRM DEC 99
.. DEPARTMENT OF JUSTICE    FEDERAL BUREAU OF PRISONS

| From: B. A. Bledsoe, Warden | Facility: USP Lee County | Date: 12·1·05 |
|---|---|---|

| Inmate's Name: WATTS, Andre | Register No.: 13799-083 |
|---|---|

| To: K. M. White, Regional Director Mid-Atlantic Region | Attn: John Mellendick, Correctional Programs Specialist |
|---|---|

__X__ Transfer to: USP Hazelton (Code 318, Population Increase) _____

___ Apply Management Variable(s) _____

___ Update Management Variable Expiration Date.  (New Date): _____

1. Inmate's Medical Status: Inmate Watts is assigned to regular duty status with no work restrictions.

2. Institution Adjustment: Inmate Watts arrived at this institution on March 1, 2004.  He has demonstrated a good level of responsibility since his arrival.  He earns good work reports working in Education and is not considered a management problem.  He has completed 240 hours of GED classes, multiple psychology self-study courses, Typing, Walking and Jogging, Stress Management, and Anger Management. He is enrolled in GED, Home Improvement Series, People and Places of Africa, Prison 2 Paycheck and Typing II.

### DISCIPLINARY RECORD

| 3. Date | Code/Offense | UDC/DHO Disposition |
|---|---|---|
| 12-24-2003 | 201/Fighting With Another Person | DHO/DS 30 Days, Recommend Transfer |

4. Rationale for Referral: Inmate Watts is classified as a High-security inmate with In custody.  His projected release date is October 3, 2010, via Expiration Full Term.  He meets the activation criteria for USP Hazelton.  Accordingly, we are requesting a Population Increase transfer to USP Hazelton.  He has prior work experience in Facilities and Food Service.

| 5a.  Parole Hearing Scheduled: Yes XX No __ | b.  If yes, when 3-2006 (Inmate Waived) |
|---|---|

6. Note any past or present behavior and/or management/inmate concerns.  His BP337 indicates a low/low moderate detainer for a United States Parole Commission warrant.  The BP338 was updated to correctly reflect no detainer as USPC warrants are not scored.  The BP337 scores violence as greater than 10 years minor. The BP338 was updated to reflect violence as less than 5 years minor stemming from finding of guilt for Code 201, Fighting with Another Person in December 2003.  The BP337 reflects no escape.  The BP338 was updated to reflect escape as 5-10 years minor for a conviction of Bail Reform Act Violation in 1996.

Staff have checked the following SENTRY Programs to ensure that they are correct and current:
    Inmate Profile               CIM Clearance and Separatee Data
    Inmate Load Data         Custody Classification Form
    Sentence Computation     Chronological Disciplinary Record

| Prepared by: D. Willis, Case Manager | Unit Manager Signature: Rodney A. Myers |
|---|---|

If the transfer is approved, a Progress Report will be completed prior to transfer.
*For Mariel Cuban Detainees - Staff have entered the CMA Assignment of "CRP RV DT" to indicate the need for a Cuban Review Panel Hearing four months from his/her Roll-Over Date.
(This form may be replicated via WP)    This form replaces EMS-409 of AUG 99

```
  LEEC8           *          CLEARANCE DATA              *        03-03-2004
  PAGE 001 OF 001                                                08:23:12

  REGISTER NO...: 13799-083
  NAME.........: WATTS                    ANDRE
  RSP OF........: LEE-LEE USP

  02 REMARKS: 6-18-03,SER/KL APV 318 TRF TO GIL
  02 REMARKS: 02/03/04 MXR/RGB APV TRF FM GIL TO LEE; CODE 309.
  02 REMARKS: 06-11-2001/CO/AF: INITIAL DESIG.; CRL 2CP (GREENSVILLE, VA);
  02 REMARKS: 4/29/02 MXR/JMR APV 328 TRF FM CRL 2CP TO EDG. RELIG OBJ GROOM




  G0005         TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
   LEEC8            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    04-28-2006
PAGE 025 OF 025 *                   SANITIZED FORMAT              *    18:47:44
 REMEDY-ID      SUBJ1/SUBJ2  --------------------ABSTRACT--------------------
                RCV-OFC    RCV-FACL      DATE-RCV        STATUS     STATUS-DATE

409318-A1      10ZM/       APPEALS DENIAL OF TRANSFER
                BOP         LEE          04-05-2006      REJ        04-07-2006

410788-R1      34ZM/       WANTS FILES CORRECTED
                MXR         LEE          04-05-2006      REJ        04-05-2006




               140 REMEDY SUBMISSION(S) SELECTED
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

EXHIBIT 7

DW  RMullins     5-27-06

8:00AM  Assumed duties of SHU #1. All keys and Equip
        present and in good working condition.
        Food Carts exit w/ 193 & 21 CF trays.
815AM   Count true 189
        New Count 189   155/34
900AM   Clear Count
1000AM  Count true  189.
1054AM  Clear Count
1057AM  Food Carts arrive w/ 197  and 6 CF trays.
1105AM  Feeding Begin.
1125AM  Feeding Completes
1218pm  Food Carts exit w/ 197  and 6 CF trays.
                              Watts refused 1st Cntrol
        and Ops notified. Watts accepted (2) bananas.
1256.

4:00pm E.O.W. B/C 189  155/34.
     E/W J. BAR      5-27-06   B/C 189   155/34
4:00PM  Assumed Post all EQ Accounted For
4:00PM  Count Time
4:15PM  Count of 189 w/ Smith & Jackson, good
        w/ Control
4:20PM  Feeding Begins
4:21PM  late Entry (3:45PM) Food Trays Enter SHU
        w/ 392 Trays.
4:58PM  Feeding completed
6:40PM  Food carts Exit SHU w/ 392 Trays
8:45PM

E/w Chimes /C———— 5/28/06 ————→

10:00 pm Cont Time
10:49 pm Clear Count
12:00 pm EOW

1200  M/w  5/29/06  B/C 193/159/34  INVENTORY Complete

1207  Count Time
1257  Count Clear
300   Count Time
344   Count Clear
500   Count Time
523   Count Clear
7:07  Food Carts Arrive with 201 Trays
7:20  Begin Feeding
800   EOW  193

D/W   5-29-06   B/C   193   159   34

800 am   all appers present and in Working order

745 am

820 am   Food carts exit ————
835 am   Rec Begins
1125 am  Food carts arrive 350
note      1 Watts missed 18th meal
100 pm   Food carts exit 399
315 pm
400 pm   EOW ————————

5-29-06 E/w R. BRANDENBURG ON DUTY 195/161/34.
1600 INVENTORY IS CORRECT. -COUNT CALLED. FOOD
  ↓ CARTS ARRIVED W/ 406 TRAYS ON BOARD.
1610 COUNT CLEARED. FEEDING STARTED.
1645 FEEDING FINISHED. INMATE WATTS # 13799-083
  ↓ REFUSED HIS 18TH MEAL.
  ↓
1730 FOOD CARTS OUT W/ 406 ON BOARD.

E/W  J. Basker  6-2-06  Blc 183

CONT. Watts Eats within his cell (via empty wrapper Packs) and at the time this inmate is not to be considered on hunger strike status.

10:00 PM Count time—

10:05 PM Count of 183 good w/ control

12:00 PM EOW

E/W                          6-3-06                    Blc 183    Watts

12:00  Assume duties of SHU #1. All equip. appears to be present and in good working order. All times apprx.

12:01  Count time
        Webb Carter count  183   SHU
Votr #

3:00  Count time
       Webb Carter count  183  SHU

5:00  Count time
       Watt Carter count  183  SHU.

6:30  Food Carts arrive  183  trays  > ¼
7:00  Inmate Watts #13299083 refused 10th meal

8:00 AM  On Post  S. Tignor

8:20 AM  Count time  Bishop + Oquinn count of 183 to control ——— SF

8:15 AM  Count cleared

8:30 AM  Food Carts in  383 total

9:00 AM  Hair Cuts Began

9:05 AM  Started feeding

9:15 PM  Food Carts out

E/W J. BAKER  6-3-06  B/C 183

4:45 Pm   Feeding completed

5:50 Pm   Food CARTS Exit SHU w/ 375 Trays
              J. G  E/w Rod

10:00 Pm  COUNT TIME

10:05 Pm  COUNT OF 183 W/ Owens & orr good C)/ CONTROl.

10:49 Pm  Clear COUNT

12:00 Pm  EOW

M/W          6-4-06                    Webb      B/C 183

12⁰⁰  Assume duties of SHU #1  All equip appears to
        be present and in good working order.  All time
        approx.

12⁰¹  Count time

3⁰⁰  Webb  Wilson  count 183  SHU

3⁰⁰  Count time

       Webb  Wilson  count 183  SHU

5⁰⁰  Count time

       Webb  Wilson  count 183  SHU

6³⁰  Food Carts arrive 184 trays  >  C/=

7⁰⁰  Feeding complete

8⁰⁰  EOW



6-4-06  D/W  JShort off Jett   B/C 183  163/21

800A   Assumed duties - ok.

805A   Food Carts out w/ 196.

830A   Rec. started.

930A

  /    New B/C 184  163/21

1100A  food carts in w/ 379.

1130A  started feeding.

1220p  Rec complete.

1250p  D Range feeding complete — All complete.

1255p  I/m Watts #13799-083 missed hrs 14# meal.

115p   Food Carts out w/ 379.

<u>INFORMAL COMPLAINT</u>

To: Warden O'Brien

From: Andre Watts, 13799083, J-Bldg

Subj: Acknowledgment

Date: May 22, 2007


On May 22, 2007 around 7:00 p.m. I approached medical window to have my blood pressure
check and Nurse Hornsby refuse to entertain my request for blood pressure status, told
Mitchell not to take my blood pressure as well.
I returned to J Building and told Officer Seagraves that I was denied medical attention
and he logged my complaint.
Around 7:55 I saw Ms. Hall in J Pow and told her that I was denied medical attention,
specifically my blood pressure monitoring. Around 8:00 p.m. I went to the Liuetenat office
to persist in getting medical attention.
Firstly, SIS Pitt began by asking sarcasticly was I requesting protective custody and I
told him no. So that was to suggest that my complaint was not going to be entertain by
him. Liuetenant Vandenberg was present and remained silent and Lieutenant Henger falsely
attempted to entertain my complaint but was evasive and finally stated that he wasn't
medical. That suggested that no one was going to entertain my complaint that Nurse Hornsby
and Mitchell unprofessional conduct of denying me medical treatment for no other reason
but retaliation because of the pending investigation by the Commonwealth of Virginia
Department of Health Professions: Namely Hornsby, Callahan and Pease.
You are allowing your entire staff to retaliate against me while you know that there
motive are retaliation because of my consistent filing of complaints of their dereliction
and racism. I trust that you will take some type of discpline measure based on the above.


                                        Sincerely,

                                        Andre Sylvester Watts ©


cc:filed
Ivy Lange, Staff Attorney

EXHIBIT 8



**U.S. Department of Justice**

Federal Bureau of Prisons

*Beckley Consolidated Legal Center*

---

*1600 Industrial Park Road, P.O. Box 1280*
*Beaver, West Virginia 25813*

November 3, 2006

Andre Watts
Register No. 13799-083
USP Lee County
P.O. Box 305
Jonesville, Virginia 24263

Re: Your Tort Claim No. TRT-MXR-2006-05170

Dear Mr. Watts:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.*, and authority granted under 28 C.F.R. § 0.172. You claim government liability in the amount of $20,000.00 for personal injury that occurred on June 1, 2006. Specifically, you allege you suffered dizziness and panic attacks as a result of a fire while you were housed in the Special Housing Unit at USP Lee County.

Investigation into your claim reveals that on June 1, 2006, a fire alarm was activated in the Special Housing Unit (SHU). Staff immediately extinguished a fire on the B Range and evacuated the inmate to the SHU Recreation yard. All inmates were medically assessed with no injuries noted. Additionally, you were seen by psychology staff on four separate occasions between June 1, 2006 and August 11, 2006, and made no complaints of distress during any of these interactions.

As you have been provided appropriate health care and there is no evidence an act or omission of a government employee is a factor in your loss, your claim is denied. This is a final denial of your claim. If you are not satisfied with this determination, you have six months from the date of this letter to bring suit in an appropriate United States District Court, should you wish to do so.

Sincerely,

Lara P. Crane
Attorney

for:

Matthew Mellady
Acting Regional Counsel

EXHIBIT 9

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

*PTR-98*
*3:25*

vs.

*Andre Watts*

Case No. *F 4255-98c*

PDID No. *319-497*

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
*(C) (Robbery)*
*(D) (Assaulting, Resisting, or interfering with a police office.*
and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *A S T O*
*Count C' — Not less than (3) Three Years, Nor Mor*
*than (9) Nine, Years to run Consecutive to any other*
*Sentence now being Served. AS TO Count #D' — Not less*
*than (1) ONE Year, Nor more than (3) Three Years to run*
*Consecutive to Count 'C' and any other Sentence now being Served*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
  written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

  _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning

  _____ (see reverse side for payment instructions). The Court

  will distribute monies to _____

  ☐ _____

Costs in the aggregate amount of $ *500.* have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☒ have not been paid. *to be deducted from pr:*
ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

*5-26-99*
Date

Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*5-26-99*

Deputy Clerk

ATTACHMENT

PDS Print All Documents

**LIMITED OFFICIAL USE**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 10-11-2005 - Eval/Rpt - Discharge Summary
**Reg Number-Name:** 13799-083 - WATTS, ANDRE    **Unit:** C
**Author:** FRANKLIN S. THOMAS, B.S., DRUG ABUSE TRTMNT SPECLST
**Institution:** LEE - LEE USP

---

Inmate Name: Andre Watts

Inmate Number: 13799-083

Date of Birth: 7 July 1960

Date of Program Entry: 8 October 2004

Date of Program Termination: 4 October 2005

Type of Termination: DIS


Identifying Information:

Inmate Andre Watts entered the CODE program on 8 October 2004, and was discharged upon his request on 8 October 2005. Inmate Watts' request for discharge came after his successful completion of the program. He entered the program with the stated intention of improving his overall attitude.

Course of Treatment:

The CODE Program at U.S.P. Lee County offers all participants core psychoeducational experiences. During Inmate Watts' participation in the CODE Program, he completed the following psychoeducational experiences which are described below:

CODE Program Orientation - All inmates receive an orientation to the CODE program when they complete their Agreement to Participate form and are interviewed for their treatment plan. As a component of this orientation, all inmates are offered a CODE inmate handbook and are offered an opportunity to speak with CODE staff about any questions they may have about program requirements. During these orientation sessions, inmates also complete all required psychological testing. This experience varies between each individual based on their questions about the program.

Breaking Barriers/Problem Solving Skills Curricula - The Breaking Barriers/Problem Solving Skills curricula is designed to allow participants to reflect on their thinking and recognize their self-defeating behavior patterns. Participants are encouraged to apply new information and to try new behaviors during this process. These groups also address ways to avoid problematic situations that could result in poor decision making, also referred to as Relapse Prevention. This group experience provides participants with 120 hours of programming during their time in the CODE program.

PDS Print All Documents

Rational Emotive Behavior Therapy Curricula - The Rational Emotive Behavior Therapy (REBT) curricula is designed to allow participants to consider the ways their thinking impacts their behavior and choices. At the heart of this group experience is a structured way to deal with problems, weighing options for alternative behaviors. As a component of the REBT curricula, participants are provided with Stress Management and Anger Management training.

Additionally, the REBT curricula addresses interpersonal relationships and how individuals can learn to effectively communicate. This group experience provides participants with 120 hours of programming during their time in the CODE program.

Criminal Lifestyle Curricula - The Criminal Lifestyles curricula is designed to assist participants with recognizing how their thinking, choices, and situations impact their life. During this curricula, participants are encouraged to develop problem solving skills which will assist them with resisting inappropriate, rule violating behaviors. This group experience also addresses the role that emotions play in engaging in criminal and rule-violating behavior. Finally, participants are provided with information on how to avoid situations which may place them at greater risk for engaging in rule-violating or unlawful behavior. This group experience provided 120 hours of programming during his time in the CODE program.

CODE Drug Education Curricula - The CODE Drug Education Curricula is designed to provide information to CODE participants about the various drugs of abuse. Although all inmates who complete this curricula are eligible to take the exam and receive the 40 Hour Drug Education group certificate, this curricula provides more information about the impact of drugs on the individual, the family, and society at large. Group discussion also focuses on avoiding people and situations where drug use may be encouraged. Self-talk strategies for avoiding drug use are also presented. This group experience provided this participant with 120 hours of programming during his time in the CODE program.

CODE Victim Impact Curricula - The CODE Victim Impact Curricula is designed to allow participants an opportunity to recognize how criminal behaviors impact society as a whole. Participants are exposed to victim's stories via videotape and through various books. Participants are exposed to how emotional trauma can impact the victim's life. This group content is then encouraged to be used for self-talk strategies in the problem Solving process. This group experience provides participants in the CODE program with 120 hours of programming.

Relapse Prevention/Stress-Wellness Curricula - This group is designed to present a more thorough explanation of Gordon and Marlatt's Relapse Prevention model. The Relapse Prevention model presented is applied to the individual's personal experiences and all participants are required to complete a written Relapse Prevention plan. The group material is then augmented with information on leading a healthier lifestyle and taking more responsibility for remaining psychologically and physically healthy. This group experiences provides participants with 120 hours of programing during his time in CODE.

During his assignment to the CODE program, Inmate Watts maintained a cooperative, and "willing to learn" attitude. He was consistently on time for classes, and rarely was absent. Inmate Watts participated well in groups, and presented any assignments when due.

Although Inmate Watts conducted himself appropriately during the course of his program, he appeared to be more concerned about his treatment for parole board purposes, than what actual benefit he could derive from treatment for himself.

Results of Psychological Testing:

Inmate Watts completed several psychological assessments while in the CODE Program at U.S.P. Lee County. The Personality Assessment Inventory (PAI) is a 344 question test that respondents are

required to choose the best answer to statements. This information is then used to create a personality profile of the examinee. The Lifestyle Criminality Screening Form - Revised (LCSF-R) is a chart audit instrument that is completed by an examiner and is based solely on the information in the Pre-Sentence Investigation, SENTRY, and PDS. The LCSF-R measures the presence of a criminal lifestyle. Finally, the Psychological Inventory of Criminal Thinking Styles (PICTS) is an 80 item test that measures various facets of personality associated with criminal thinking. Please note that all participants are required to complete the PAI and PICTS, while all inmates in the CODE Program will have an LCSF-R completed and in their CODE file.

Based upon the results of this administration of the PAI, it was determined that this test was invalid. On this administration of th PICTS, significant criminal thinking errors, namely entitlement and cognitive indolence were suggested as being a factor in Inmate Watts' behavior. Finally, the findings of the LCSF-R indicate that Inmate Watts has a history which is reflective of someone who has lead a criminal lifestyle.

Continuing Needs:

Although the CODE program provides an intensive treatment environment where individuals can improve their psychological functioning, it is impossible to address every need that is presented. In the case of Inmate Watts, the following areas represent continuing needs that he may wish to address:

> Inmate Watts has a history of chemical dependency. He still will need to find a supportive social network of friends and family to assist him with maintaining his sobriety. He should be encouraged to remain in contact with his non-using friends and family via telephone and letters while he remains in prison.

> Inmate Watts has a long history of associating with peer groups who engage in rule-breaking or law breaking behaviors. He will need to be encouraged to remain associated with appropriate peer groups who will support his need to be engaged in pro-social lifestyle activities.

> Inmate Watts has a history of poor problem solving skills. Although he was provided with information on problem solving skills while in the CODE program, he will need to be encouraged to seek out counseling services when he feels that his skills are not adequate for dealing with particular problems.

Aftercare Recommendations:

Finally, the CODE Program at U.S.P. Lee County offers many services to the participants while they are in the program. However, when the individual leaves CODE he will have access to the normal services that are available to general population offenders. Based on his needs and the services available, the following recommendations are being offered:

1. Inmate Watts should be encouraged to participate in continued programming, including those provided by Psychology Services.

2. Inmate Watts should be granted access to psychological counseling, should he request it.

3. Inmate Watts should be encouraged to associate with peers who will promote his well-being.

At this time, no further continuing needs or aftercare recommendations can be offered. Please do not hesitate to contact me if I can be of further assistance.