RECEIVED

AUG 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


ANDRE SYLVESTER WATTS,        :

       PETITIONER,      :

V                           :   Civil Action No. 06-0777(RJL)

ALBERTO GONZALES,
UNITED STATES ATTORNEY GENERAL,  :

       RESPONDENT.     :


## MOTION FOR PERMISSION TO FILE A SUPPLEMENTAL PLEADING PURSUANT TO RULE 15(d) OF THE FEDERAL RULES OF CIVIL PROC.


The petitioner makes this motion in good faith and the respondent will not be prejudice.

The district court has jurisdiction to grant or deny a motion to file a supplemental pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

Petitioner submits that the respondent argument for dismissal at p.17 of its contentions is void because the mandatory language in 28 CFR 544.52(c) in relevant part states:

Appentice Training. Apprentice training provides an inmate the opportunity to participate in training which prepares the inmate for employment in various trades through structured apprenticeship

programs approved at the state and national levels by the Bureau
of Apprenticeship and training, US. Department of Labor

Prior to petitioner filing the Mandamus there was no apprenticeship
program opportunities available, or were even, considered. But there is
a visual listed description of vocational programs, but not in effect.
The respondent argument that it is not constitutional that a inmate be
given access to apprenticeship opportunities is flawed and is in contra-
diction what Congress has intended through the enactment of it's many
laws. 18 U.S.C. § 3553 et seq. Congress had intended for the court at
sentencing to reccommend that the prisoner during the service of     sen-
tence be provided with the opportunity to engage in educational and voc-
ational programs. Such reccommendation is directly related to securing
the community against the possiblity of future criminal behavior of the
prisoner whenever he or she is release. But also enhances the opportunity
for reform, rehabilitate or literally change the prisoner whole perspec-
tive in life, so he can be a productive citizen upon release. So when the
court is deciding whether the writ of mandamus is appropiate in this case.
It should take the community interest into account primarily, and that it
wasn't until petitioner filed this writ of mandamus did the respondent
consider apprencticeships; hence by its most recently     cullinary art;
wherein a prisoner can learn how to cook. But what about brick masonery,
plumming, dry walling, painting, carpentry, extermination, maintanence
egineer etc. All of these skills are necessary for a person to obtain
gainful employment and by not offering a apprenticeships at this facility
just doesn't support the goal of protecting the interest of the public.
The  mandamus is suffice in this case based on the demand of the regula-
tion. id 544.52(c)

## CONCLUSION

For the foregoing causes and reasons, the disttrict court would be within its respective jurisdiction to grant the writ of mandamus, therefor this motion to supplement is further proof why it necessary and for that reason the supplement should granted just the same.

Date: *August 20, 2007*

Respectfully Submitted

*Andre Sylvester Watts* ©

WITHOUT PREJUDICE
UCC 1 - 207

## CERTIFICATE OF SERVICE

I hereby certify that the respondent representative: Jonathan C. Brumer did receive by postage prepaid petitioner motion for supplemental filing to the writ of mandamus ^

THis *20th* day of *August* 2007.

Jonathan Brumer
Assistant United States Attorney Office
555 4th Street, N.W. Room E4815
Washington, D.C. 20001

Without Prejudice
UCC 1 - 207

*Andre Sylvester Watts* ©