UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ANDRE SYLVESTER WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0777 (RJL) |
| ) | |
| ALBERTO GONZALES, ) | |
| UNITED STATES ATTORNEY GENERAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO STAY ALL
FILINGS UNTIL AFTER A DECISION HAS BEEN
RENDERED ON THE PENDING DISPOSITIVE MOTION,
AND TO DENY PLAINTIFF LEAVE TO FILE A SURREPLY**

Defendant, Alberto Gonzales, United States Attorney General, by and through undersigned counsel, respectfully requests that this Court (1) stay all filings until such time that the Court has rendered its decision on the pending dispositive motion, and (2) deny Plaintiff leave to file a surreply in this case. The undersigned counsel did not attempt to contact *pro se* Plaintiff for his consent, because Plaintiff is incarcerated, rendering such a step impracticable. In support of Defendant's Motion, Defendant respectfully states as follows:

1. Defendant, by and through undersigned counsel, has moved to dismiss Plaintiff's action in the above-captioned case, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), and (b)(6). See Docket Entry Nos. 18, 26. Defendant has also filed a response to this Court's May 4, 2007 Show Cause Order why a Writ of Mandamus Should Not Issue. See Docket Entry No. 19.

2. Defendant's dispositive motion is fully briefed and awaits the Court's consideration and decision. See Docket Entry Nos 18, 19, 22, 26.

3. Plaintiff is a serial filer having filed 73 civil suits in various federal courts. See Docket Entry Nos. 18 and 19, Memorandum in Response to this Court's May 4, 2007 Order to

Show Cause Why a Writ of Mandamus Should Not Issue, and in Support of Defendant's Motion to Dismiss ("Def.'s MTD/Response") at 25 & n. 7, Exhibit ("Ex.") 7, PACER Case Index Report.[1]

4.      Both parties have had ample opportunity to address the issues in this action, and the filings to date adequately address the issues raised in this lawsuit.  The substantive filings in this action include: (1) Plaintiff's Original April 27, 2006 Petition for a Writ of Mandamus; (2) Plaintiff's Amended Petition for a Writ of Mandamus (filed on August 21, 2006); (3) Plaintiff's March 23, 2007 Judicial Notice; (4) Defendant's pending Motion to Dismiss and Response to this Court's May 4, 2007 Show Cause Order why a Writ of Mandamus Should Not Issue (filed on June 29, 2007); (5) Plaintiff's July 31, 2007 Opposition to Defendant's Motion to Dismiss; (6) Plaintiff's August 6, 2007 Notice of Affidavit; (7) Plaintiff's August 24, 2007 Motion for Permission to File a Supplemental Pleading; and (8) Defendant's Reply (filed on September 12, 2007).  See Docket Entry Nos. 1, 8, 11, 18, 19, 22, 23, 25, 26.

5.      Still, Plaintiff seeks additional rounds of briefing in this case.  Specifically, on September 24, 2007, Plaintiff filed a Motion in which he requests that he be given at least 60 days to file "a response to the [D]efendant['s] [R]eply to the [P]laintiff['s] [O]pposition to [D]efendant['s] response against Plaintiff['s] request for issuance of a writ of mandamus."  See Docket Entry No. 27.  Effectively, Plaintiff requests leave to file a surreply in this case.

6.      It is well established however that "[a] surreply may be filed only by leave of

---

[1] It is worth noting that at least 7 of these suits have been dismissed such that they count as strikes under the PLRA's three strikes rule.  See 28 U.S.C. § 1915(g); Def's MTD/Response, Ex. 8, Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment filed in Watts v. BOP, 06-1955 (D.D.C.) (listing and describing these actions); see also Def's MTD/Response, Ex. 9, Copy of May 24, 2007 Order in Watts v. BOP, 06-1955 (D.D.C.) (finding that Plaintiff has more than three strikes).

Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp.2d 270, 276-77 (D.D.C. 2002); see also Randolph v. ING Life Ins. and Annuity Co., 486 F.Supp.2d 1, *9, n. 5 (D.D.C. 2007) (striking a surreply on the basis that it had run afoul of this rule). "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." See Robinson v. The Detroit News, Inc., 211 F.Supp.2d. 101, 113 (D.D.C. 2002) (internal quotations and citations omitted); see also Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001) (same); Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998); Lightfoot v. Dist. of Columbia, 2006 W.L. 54430, at *1 & n. 2 (D.D.C. Jan. 10, 2006) (denying a motion for leave to file a surreply because the reply did not raise any new matters and the surreply raised "facts and legal issues not previously addressed"). The matter must be truly new. See, e.g., Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001) (observing that "[b]ecause this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.")

7.　　Defendant respectfully submits that Plaintiff has made no such showing in this case. Defendant raised no new factual matters in his Reply, to which Plaintiff can reasonably argue he needs a surreply to respond. See Docket Entry No. 26. Nor has Plaintiff pointed to any new factual developments, in the wake of his last substantive filing, which justify the filing of a surreply in this case. See Docket Entry No. 27.

8.　　Rather, Plaintiff suggests in the September 24, 2007 motion that he intends to use a surreply as a vehicle for making *new legal* arguments (and/or to refine or revisit previously made legal arguments) and that this surreply will be predicated on *old facts* – facts which

Plaintiff has already alleged or could have plead in his earlier filings. See Docket Entry No. 27 (stating that "[t]he plaintiff is not a lawyer so research is necessary to effectively file a response.") This is not an appropriate basis for a surreply.

9. At some point, the successive rounds of briefing must come to an end in this case. See, e.g., Archdiocese of Milwaukee v. Underwriters at Lloyd's, London, 955 F. Supp. 1066, 1070 (E.D. Wis.1997) (Magistrate Judge's order, which District Court adopted, observing that "[i]f the defendant's [surreply] brief is permitted, the plaintiffs may wish to file a reply to defendant's surreply," and noting that "[h]owever, at some point, briefing must end."); see also Arakelian v. Nat'l Western Life Ins. Co., 126 F.R.D. 1, *3 (D.D.C. 1989) (observing that "[t]he Local Rules do not provide for the filing of a surreply, nor do the Federal Rules of Civil Procedure," and finding that a Magistrate Judge's decision "to limit an endless series of arguments and motions by denying plaintiffs' motion for leave to file a surreply" under the circumstances presented in that case "assuredly was not clearly erroneous"). Because Defendant did not raise any new matters in his Reply, and because Plaintiff has previously had an ample opportunity to address Defendant's arguments, and to raise factual matters and legal authorities in support of his petitions for a writ of mandamus and in opposition to Defendant's Motion to Dismiss, the court should deny Plaintiff's motion to file a surreply. See, e.g., Lightfoot, 2006 W.L. 54430 at *1 & n. 2.

10. Accordingly, Defendant respectfully requests that this Court stay all filings until such time that the Court has rendered its decision on the pending dispositive motion, and deny Plaintiff leave to file a surreply in this case. A proposed Order accompanies this motion.

        Respectfully submitted,

        \_\_/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        \_\_/s/_____
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        \_\_/s/_____
        JONATHAN C. BRUMER, D.C. BAR # 463328
        Special Assistant United States Attorney
        555 Fourth Street, N.W., Room E4815
        Washington, D.C. 20530
        (202) 514-7431
        (202) 514-8780 (facsimile)

Of Counsel:

Delaine Martin Hill
Assistant General Counsel
Office of the General Counsel
Litigation Branch
Federal Bureau of Prisons

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2007, I caused the Foregoing *Motion to Stay All Filings until after a Decision Has Been Rendered on the Pending Dispositive Motion, and to Deny Plaintiff Leave to File a Surreply* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

    Andre Sylvester Watts
    R13799-083
    Lee County United States
     Penitentiary
    P. O. Box 305
    Jonesville, VA 24263-0305

    s/Jonathan C. Brumer
    JONATHAN C. BRUMER, D.C. BAR # 463328
    Special Assistant United States Attorney
    555 4th Street, N.W., Room E4815
    Washington, D.C. 20530
    (202) 514-7431
    (202) 514-8780 (facsimile)