UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 0 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDRE SYLVESTER WATTS, :

    Petitioner, :

v : Civil Action No. 06-0777(RJL)

ALBERTO GONZALES, :
UNITED STATES ATTORNEY GENERAL

    Respondent. :

### SWORN AFFIDAVIT

    I declarant under the penalty of perjury, 28 U.S.C. § 1746(1) without UNITED STATES states as follows:

1. The petitioner declares primarily his claims are racism, dereliction, abuse of discretion, and deprivation of redress and/or remedy or both hereof.

2. The petitioner declares that on August 17, 2007 Inmate Service Manager: Giddings deliberately spoke loud regarding declarant release in the presence of his peers who are mostly hate and scandalmongers, she continued even after declarant objected with the hope she would discontinue speaking. She(Giddings) ignored declarant gesture.

3. The declarant is not part of jailhouse gangs, geographical gangs,

religious groups, although been elicited, but rejects and that draws their animosity and possible their scorns.

4. The declarant submits that Giddings actions are associated with her harbored animosity against the declarant for filing grievance challenging her incompetent advise to Mrs. Hall the Case Manager responsible for processing the declarant papers for discharge. See exhibits 1. Bureau of Prisons can release a prisoner after serving the required portion of his sentence with halfway house.

5. The declarant submits that Michael Ryan during the month of July of 2007 also spoke loud in the presence of declarant peers that declarant was scheduled for release, drawing the attention of declarant peers in hope of them obstructing or jeopardizing declarant release because of a grievance against his fellow employee Mrs. Hall, Case Manager. See exhibit. 2.

6. The declarant submits that enumerations 1 through 7 is additional proof that the Warden at USP Lee allows his staff do anything to black inmates and they are suppose to be being sanction in accordance with Program Statement 3420.09, Attachment A for their racist, scandalous and tyrant behaviors, but contrary.

7. The declarant submits the above is true and correct and should be a basis to encourage this court more in granting a writ of mandamus and discpline these USP Staff and monitor them for at least six months to ensure that the complicity is officially dismounted. Otherwise, they are going to get worst, given that 99% of the staff is white and 99% of the prisoner are black, primarily from the District of Columbia and are sterotyped.

## CERTIFICATE OF SERVICE

I the declarant herein submitted an sworn affidavit to the U.S. District Court of the District of Columbia with exhibits attached this _20_ day of _August_ 2007 and served the respondent legal representative a copy of said sworn affidavit with exhibits attacted at:

Jonathan Brumer
Special Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20001

Without Prejudice
UCC 1 - 207

_Andre Sylvester Watts (c)_

LEE-1330.13
02/05/02
Attachment A

# Informal Resolution Form

~~Notice to Inmate: Be advised, before seeking formal review of your concern, you must try to resolve the issue informally. Staff are obligated to make a good-faith effort to resolve ALL inmate concerns prior to issuing this form.~~  7/25/10

INMATE'S NAME: Andre Watts      REG. NO.: 13799083      UNIT: J

1) Specific Issue: Ms. Giddins(CMC) quotes to Mrs. Hall on July 19, 2007 telephonicly that a prisoner (grievant) can only be release to a halfway house and this information is wrong and impedes grievant immediate access to the drug program that has accepted him with bed space available. ----

2) Relief Requested: Release grievant immediately to drug program and monitor the course of the proceeding to exsure expeditous results.

3) Date Received:

4) Responsible Department:            5) Date Issued:

6) Staff Response:




7) Informally Resolved?  Yes/No

8) Date Received by Counselor        9) Date BP-229 issued

                                     Date
Unit Manager's Signature

Number _____
(generated by each Counselor)

18 U.S.C. § 3622(5)(6) in relevant part:

The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period and if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions to-
(5) establishing or reestablishing family or community ties; or
(6) engaging in any other significant activity consistent with public interest.

Based on the above laws promulgated by the Bureau of Prisons. It is grievant adamant position that other forms of release is afforded the grievant and shall be considered when verified.

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                           FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) C/O: MRS. HALL, UNIT TEAM | DATE: AUGUST 6, 2007 |
|---|---|
| FROM: A. WATTS | REGISTER NO.: 13799083 |
| WORK ASSIGNMENT: EDUCATION | UNIT: J |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Attach is verfication that SOSCA has a copy of a letter for admission to an drug program indorsed by the President/CEO: Harold J. Gordon. Therefore its going to require another phone call to SOSCA if it was your intentions to commence my release forthwith to the drug program. However, the letter had a minor inadvertent defect and that was that the caption to the address of the party's were incorrect, but that wasn't a good reason to declare the letter invalid to the extent of not having received any correspondence verifying the admission to the drug program in my behalf. This correspondence is reonsideration to the denial of the BP-8 and also reserve the right to appeal to the next level if there is no satisfying resolution upon your receipt of this correspondence.

(Do not write below this line)

DISPOSITION:




Signature Staff Member | Date



# Holy Comforter-St. Cyprian
## Community Action Group



*Ms Floyd*
*Your Copy —*
*Original mailed*
*to*
*Parole Commiss.*
*Good luck*
*Hal*

July 5, 2007

U.S. Department of Justice
United States Parole Commission
300 Indiana Avenue, NW
Washington, DC 20001

Regarding: Mr. Andre Watts – Registry # 13799-083

ATTENTION: Mr. David Wynn

This letter is to verify that this Drug Treatment agency provides a wide array of drug prevention and treatment programs to include residential and outpatient services. We have a long-standing relationship with Court Services for Offender Supervision Agency and extensive experience serving returning Ex-Offenders.

We would welcome an opportunity to provide services to Mr. Andre Watts upon his return to Washington, DC. We have sufficient bed space in all facets of our treatment and recovery programs to accommodate him.

You may direct any inquiries regarding this matter to me at the address provided. Thank you for your consideration.

Respectfully,

Harold J. Gordon
President/CEO

The Carriage House • 901 Pennsylvania Avenue, S.E. • Washington, DC 20003
(202) 543-4558 • (202) 543-4579 FAX

Name: WATTS, Andre
Register Number: 13799-083
Unit: J
Informal Resolution Number: WC-108-07

## REQUEST FOR AN INFORMAL RESOLUTION
### Section 6 - Response

This is in response to your Request for Informal Resolution received on July 26, 2007. You claim your Unit Team and the Case Management Coordinator are hindering your participation in an inpatient drug program to which you have already been accepted. As relief, you request an immediate release to the drug program.

A review of your allegations reveals you are being referred for residential reentry center placement. As noted on your Notice of Action, dated May 23, 2007, you are subject to Special Drug Aftercare Conditions which require your participation in a inpatient or outpatient drug program approved by your Supervision Officer. Your Case Manager contacted the Court Services and Offender Supervision Agency (CSOSA) to verify your acceptance to an inpatient drug program in Washington, DC. CSOSA indicated they have no documentation confirming such acceptance. As the Bureau of Prisons has no authority to release an inmate prior to completion of their court-ordered sentence, you may further address this issue with your supervising officer upon release from Bureau custody.

Your request for informal resolution is denied.

_____                                  8-1-07
W. Chambers, Unit Manager                                  Date

LEE-1330.13
02/05/02
Attachment A

# Informal Resolution Form

Notice to Inmate: Be advised, before seeking formal review of your concern, you must try to resolve the issue informally. Staff are obligated to make a good-faith effort to resolve ALL inmate concerns prior to issuing this form.

INMATE'S NAME: Andre Watts     REG. NO.: 13799083     UNIT: J

1) Specific Issue: Ms. Giddins(CMC) quotes to Mrs. Hall on July 19, 2007 telephonicly that a prisoner (grievant) can only be release to a halfway house and this information is wrong and impedes grievant immediate access to the drug program that has accepted him with bed space available. ----

2) Relief Requested: Release grievant immediately to drug program and monitor the course of the proceeding to exsure expeditous results.

3) Date Received:

4) Responsible Department:          5) Date Issued:

6) Staff Response:



7) Informally Resolved?  Yes/No

8) Date Received by Counselor       9) Date BP-229 issued

Unit Manager's Signature                    Date 6-1-07

Number NC-108-07
(generated by each Counselor)

18 U.S.C. § 3622(5)(6) in relevant part:

The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period and if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions to-
(5) establishing or reestablishing family or community ties; or
(6) engaging in any other significant activity consistent with public interest.

Based on the above laws promulgated by the Bureau of Prisons. It is grievant adamant position that other forms of release is afforded the grievant and shall be considered when verified.